**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIM MILLESS RUIZ,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>SNOHOMISH COUNTY PUBLIC<br>UTILITY DISTRICT NO. 1, a local<br>government entity; JIM LITTLE,<br>individually and in his official<br>capacity,<br>*Defendants-Appellees.* | No. 14-35030<br><br>D.C. No.<br>2:13-cv-01702-TSZ<br><br>OPINION |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted May 5, 2016
Seattle, Washington

Filed June 8, 2016

Before: Susan P. Graber, Marsha S. Berzon,
and Mary H. Murguia, Circuit Judges.

Opinion by Judge Graber

## SUMMARY[*]

### Civil Rights / Res Judicata

The panel affirmed in part and reversed in part the district court's dismissal, on res judicata grounds, of an action brought under 42 U.S.C. § 1983 and state law, alleging sex discrimination.

Plaintiff sued her former employer in 2011, alleging sex discrimination for acts that occurred in 2008. The district court dismissed that action "with prejudice" on two grounds: lack of personal jurisdiction and untimeliness. In 2013, plaintiff brought the present action, alleging sex discrimination claims, under state and federal law, stemming in part from her termination in 2010. The district court held that the earlier dismissal was res judicata and that, accordingly, it barred the present action.

The panel held that – consistent with the Restatement (Second) of Judgments and at least three sister circuits – an earlier dismissal on alternative grounds, where one ground is a lack of jurisdiction, is not res judicata. The panel therefore held that res judicata did not bar this action. The panel determined, however, that dismissal of some of plaintiff's claims was proper on other grounds, and therefore the panel affirmed in part, reversed in part and remanded for further proceedings.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Michael A. Jacobson (argued), Michael A. Jacobson, PS Inc., Seattle, Washington, for Plaintiff-Appellant.

Christopher M. Huck (argued), Michael A. Goldfarb, and R. Omar Riojas, Kelley, Goldfarb, Huck & Roth, PLLC, Seattle, Washington, for Defendants-Appellees.

**OPINION**

GRABER, Circuit Judge:

Plaintiff Kim Milless Ruiz worked for Defendant Snohomish County Public Utility District No. 1 ("the District") from 1998 until her termination in 2010. In 2011, she sued Defendant Jim Little, the Executive Director of Employee Relations at the District, alleging sex discrimination for acts that had occurred in 2008. But, as Plaintiff conceded, she failed to effect service on Little. The district court dismissed that action "with prejudice" on two grounds: lack of personal jurisdiction and untimeliness.

In 2013, Plaintiff brought the present action against both Defendants, alleging sex discrimination claims, under state and federal law, stemming in part from her termination in 2010. The district court held that the earlier dismissal was res judicata and that, accordingly, it barred this action. Plaintiff timely appeals. Reviewing de novo, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002), we hold—consistent with the Restatement (Second) of Judgments and at least three sister circuits—that an earlier dismissal on alternative grounds, where one ground is a lack of jurisdiction, is not res

judicata. Res judicata therefore does not bar this action. Because dismissal of some of Plaintiff's claims nevertheless was proper on other grounds, we affirm in part, reverse in part, and remand for further proceedings.

FACTUAL AND PROCEDURAL HISTORY

Because this appeal challenges the grant of a motion to dismiss, we accept as true all facts alleged in the complaint. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Plaintiff worked for the District from 1998 to 2010. The District fired her on June 10, 2010, acting on false assertions made against Plaintiff by Defendant Little. Male co-workers who engaged in conduct similar to Plaintiff's purported conduct were not disciplined.

In 2011, acting pro se, Plaintiff filed a lawsuit against Defendant Little in state court. Plaintiff alleged that, in 2008, Defendant Little filed a false disciplinary report against her. The complaint did not mention the 2010 firing.

Defendant Little removed the case to federal court in 2012, expressly noting that he did not waive any defenses, including sufficiency of service. He then filed a motion to dismiss that asserted a lack of personal jurisdiction, because Plaintiff failed to serve him properly, and untimeliness. In the timeliness section, Defendant Little explained that, had Plaintiff served him properly, the claim would have been timely because it was filed within three years of the 2008 false disciplinary report. But the complaint was untimely under Washington law, according to Defendant Little, because Plaintiff's service was deficient, and an improperly served complaint neither constitutes the commencement of an action nor tolls the statute of limitations.

Plaintiff then filed two motions: (1) a motion for extension of time to respond to the motion to dismiss and (2) a motion for voluntary dismissal. The motion for an extension of time stated that "Plaintiff cannot answer the issues of the defendant['s] motion to dismiss without hiring a counsel" because Defendant's motion "is complex and plaintiff is not legally trained for civil rights law." The motion for voluntary dismissal stated that Plaintiff "did not serve [Defendant] with the lawsuit papers within 120 days of filing suit. There is a lack of jurisdiction over the person."

Defendant Little filed a response to both motions, each stating that Defendant did not oppose dismissal but arguing that the dismissal should be *with* prejudice because of the untimeliness of the action. Three weeks later, the district court dismissed the action *with* prejudice, stating in full:

> This matter comes before the Court on Plaintiff's motion for voluntary dismissal. (Dkt. No. 9.) Defendant does not oppose dismissal, and requests that the dismissal be with prejudice. (Dkt. No. 12.) Plaintiff does not object. The motion is GRANTED. Because Plaintiff concedes that the Court lacks personal jurisdiction over Defendant and that the claims are barred by the statute of limitations, this matter is DISMISSED with prejudice.

Plaintiff did not appeal that 2012 dismissal.

On June 7, 2013, Plaintiff filed this action in state court against Little and the District, asserting sex-discrimination claims under the Washington Law Against Discrimination

and 42 U.S.C. § 1983. Defendants removed the case to federal court. Defendants then moved to dismiss the action on three grounds: (1) res judicata or claim preclusion; (2) untimeliness; and (3) failure to state a claim. The district court held that res judicata bars the action, dismissed the case for that reason, and expressly declined to reach Defendants' other two arguments. Plaintiff timely appeals.

## DISCUSSION

"The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). "Res judicata applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Stewart*, 297 F.3d at 956 (internal quotation marks omitted). We consider whether the 2012 dismissal was "a final judgment on the merits."

The 2012 dismissal rested on two grounds: lack of personal jurisdiction and untimeliness. Considered separately, those reasons have opposite claim-preclusive effects. A "dismissal on statute of limitations grounds is a judgment on the merits" that operates as res judicata. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003). By contrast, a dismissal for want of personal jurisdiction is *not* a judgment "on the merits" for the purpose of res judicata. *See, e.g.*, *Phillips Petro. Co. v. Shutts*, 472 U.S. 797, 805 (1985) ("[A] judgment issued without proper personal jurisdiction over an absent party is not entitled to full faith and credit elsewhere and thus has no res judicata effect as to that party."); *Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 373 n.3 (2d Cir. 1978) (per curiam) ("A dismissal for failure of service of

process, of course, has no *Res judicata* effect."); Restatement (Second) of Judgments ("Restatement") § 20(1) (1982) ("A personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claim: (a) When the judgment is one of dismissal for lack of jurisdiction . . . ."); *accord* 18A Charles Alan Wright et al., *Federal Practice and Procedure: Jurisdiction* ("*Federal Practice*") § 4436, at 154, 168–70 (2d ed. 2002).

We have not decided the res judicata effect of an order—like the one at issue here—that contains two holdings, one "on the merits" and the other not "on the merits." But the Restatement and at least one sister circuit have concluded that, in those circumstances, the earlier judgment is not res judicata because it was not "on the merits." *See* Restatement § 20 cmt. e ("A dismissal may be based on two or more determinations, at least one of which, standing alone, would not render the judgment a bar to another action on the same claim. In such a case, . . . it should not operate as a bar . . . [e]ven if another of the determinations, standing alone, would render the judgment a bar . . . ."); *Pizlo v. Bethlehem Steel Corp.*, 884 F.2d 116, 119 (4th Cir. 1989) ("When a dismissal is based on two determinations, one of which would not render the judgment a bar to another action on the same claim, the dismissal should not operate as a bar.").

Two related reasons are commonly given for the rule. First, the "on the merits" determination "may not have been as carefully or rigorously considered as it would have if it had been necessary to the result, and in that sense it has some of the characteristics of dicta." Restatement § 20 cmt. e. Second, "of critical importance, the losing party, although entitled to appeal from both determination[s], may be dissuaded from doing so as to the determination going to the

'merits' because the alternative determination[], which in itself does not preclude a second action, is clearly correct. The rules of res judicata should not encourage or foster appeals in such instances." *Id.*

This case nicely illustrates both points. Plaintiff declined to brief the timeliness issue because of its complexity and, instead, requested additional time to hire a lawyer with "civil rights law expertise." The district court's order provided no analysis on the timeliness issue, and the court apparently never ruled on the request for additional time. The court's determination on the timeliness issue "may not have been as carefully or rigorously considered as it would have if it had been necessary to the result."[1]  Restatement § 20 cmt. e.

Defendants assert that Plaintiff could have appealed the 2012 dismissal to challenge the timeliness ruling. But we agree with the Restatement that "[t]he rules of res judicata should not encourage or foster appeals" in these circumstances. *Id.* It would be an inefficient use of judicial resources to encourage litigants to appeal judgments for the sole purpose of preserving their ability to *potentially* bring the same claims again, in a *hypothetical future* action. That concern would be heightened where the "on the merits" determination involved complicated legal or factual questions: the appeal would require substantial expenditure of resources premised only on a hypothetical future action. *See, e.g.*, *Pizlo*, 884 F.2d at 119 (stating that "needless appeals, wasted judicial resources and increased legal

---

[1] Contrary to the district court's order in 2012, nothing in the record suggests that Plaintiff "conceded" that her complaint was untimely. She simply said nothing on that point.

expenses to the parties would necessarily result" from requiring appeals in these circumstances).

We nevertheless need not decide whether to adopt a general rule for *all* judgments resting on alternative grounds where one alternative is not "on the merits." Here, the court's non-merits ruling was for lack of personal jurisdiction, depriving the court of the authority to rule on the merits. *See, e.g.*, *Costello v. United States*, 365 U.S. 265, 285 (1961) (noting the "fundamental jurisdictional defects which render a judgment void . . . such as lack of jurisdiction over the person or subject matter"); *Thomas P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1255 (9th Cir. 1980) ("It is well-established that a judgment entered without personal jurisdiction over the parties is void."). We therefore hold, consistent with decisions by the Sixth and Seventh Circuits, that res judicata does not apply to a judgment that rests on both a lack of jurisdiction and a merits determination. *See Remus Joint Venture v. McAnally*, 116 F.3d 180, 184 n.5 (6th Cir. 1997) ("[T]he state court correctly recognized that when a district court's ruling rests on alternative grounds, at least one of which is based on the inability of the court to reach the merits, the judgment should not act as a bar in a future action.");[2] *Bunker Ramo Corp. v. United Bus. Forms, Inc.*, 713 F.2d 1272, 1279 (7th Cir. 1983) ("Once a court expresses the view that it lacks jurisdiction, the court thereafter does not

---

[2] A much earlier decision by the Sixth Circuit applied the opposite rule. *Crawford v. Zeitler*, 326 F.2d 119, 121–22 (6th Cir. 1964). But the Sixth Circuit implicitly declined to follow that case in *Remus*, likely because *Crawford*'s analysis did not account for the jurisdictional nature of the alternative holding; it rested solely on the rule that two alternative *merits* holdings bind later courts. One treatise has described *Crawford* as "clearly wrong." 18 *Federal Practice* § 4421, at 578 n.39.

have the power to rule on any other matter. Any finding made by a court when the court has determined that it does not have subject matter jurisdiction carries no *res judicata* consequences." (citations omitted)); *see also* 18 *Federal Practice* § 4421, at 575–78 ("If a first decision is supported both by findings that deny the power of the court to decide the case on the merits and by findings that go to the merits, preclusion is inappropriate as to the findings on the merits. A court that admits its own lack of power to decide should not undertake to bind a court that does have power to decide." (footnote omitted)).[3]

We acknowledge that we have held that a "district court may decide that a complaint fails to state a claim even when it does not have personal jurisdiction." *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 990 n.6 (9th Cir. 2012); *see also Wages v. IRS*, 915 F.2d 1230, 1233–35 (9th Cir. 1990) (announcing the rule). We strongly question the vitality of that rule in light of post-*Wages* Supreme Court jurisprudence. *See, e.g.*, *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("*Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998), clarified that a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction). *See id.* at 93–102. 'Without jurisdiction the court cannot proceed at all in any cause'; it may not assume jurisdiction for the purpose of deciding the merits of the case.

---

[3] *Federal Practice* discusses the effect of alternative dismissals in a section devoted to *issue* preclusion, not claim preclusion. But both the quoted text and some of the cases cited in the footnote concern claim preclusion.

*Id.* at 94."). In any event, whatever discretion a district court may have to *announce* decisions pursuant to the *Wages* rule, it is a separate matter to *give res judicata effect* to judgments pronounced without personal jurisdiction. Even assuming that the district court properly opined on the merits in 2012, its judgment on the merits had no res judicata effect because the court lacked personal jurisdiction.[4]

Defendants argue that, even if we adopt the rule that an alternative dismissal grounded in part on personal jurisdiction is not res judicata, the district court's order here was *not*, in fact, a dismissal on alternative grounds. We disagree. As noted above, the order states: "Because Plaintiff concedes that the Court lacks personal jurisdiction over Defendant *and* that the claims are barred by the statute of limitations, this matter is DISMISSED with prejudice." (Emphasis added.) Notwithstanding the text of the order, Defendants argue that the order was a dismissal *solely* on the timeliness ground; if the lack of service were the only problem, then a dismissal "without prejudice" ordinarily would be proper. Accordingly, Defendants argue, the court must have reached

---

[4] Personal jurisdiction differs from subject matter jurisdiction in some important ways. For example, a defendant may waive the lack of personal jurisdiction, but the parties may not waive the lack of subject matter jurisdiction. But, where the lack of personal jurisdiction is not waived, those differences are immaterial for the purpose of res judicata. The Supreme Court has made no distinction between the two types of jurisdiction when considering the effect of a judgment. *See e.g.*, *Costello*, 365 U.S. at 285 (noting the "fundamental jurisdictional defects which render a judgment void . . . such as lack of jurisdiction over the person or subject matter"). And the underlying logic applies equally to both types of jurisdiction: if the court lacks power to act, then it may not pronounce a binding judgment on the merits—regardless of the reason for the court's lack of authority to act.

the issue of untimeliness because the action was dismissed "with prejudice."

We see no ambiguity in the judgment. A natural reading of its text is that the court rested its conclusion on *both* lack of jurisdiction and untimeliness. If the court wanted to ground its decision only on untimeliness, it could have mentioned the statute of limitations only. The fact that the dismissal was "with prejudice" means most naturally that the court's conclusion rested on *both* grounds, not that the court somehow skipped the jurisdictional ground or disagreed with the parties' concession that the court lacked jurisdiction.

Even if one views the judgment as ambiguous, Defendants' argument still fails. "When interpreting an ambiguous prior judgment, the reviewing court should construe a judgment so as to give effect to the intention of the issuing court. Where the judgment is ambiguous or fails to express the rulings with clarity, the entire record before the issuing court and the findings of fact may be referenced in determining what was decided." *Muckleshoot Tribe v. Lummi Indian Tribe*, 141 F.3d 1355, 1359 (9th Cir. 1998) (citation, internal quotation marks, and brackets omitted).

For Defendants' argument to prevail, one must conclude that the district court either skipped the jurisdictional ground or silently concluded that it had personal jurisdiction. As noted above, it would have violated clear Supreme Court precedent for the district court to have assumed jurisdiction and skipped to the statute-of-limitations ground. *Sinochem*, 549 U.S. at 430–31. Moreover, there is no indication anywhere in the record that the district court disagreed with the parties' mutual concession that the court lacked personal jurisdiction. Indeed, to the contrary, the court logically could

not reach that conclusion. Plaintiff's original complaint would, in fact, have been timely, had she properly served process on Defendant Little. Only defective service rendered the complaint untimely. In other words, Defendant Little had argued that the action was untimely for precisely the same reason that the court lacked personal jurisdiction. Viewed in that context, the district court almost certainly did not conclude, without saying so, that it had personal jurisdiction. In sum, the district court meant what it said: the dismissal was on *both* jurisdictional and timeliness grounds.

Finally, Defendants argue that, even if an alternative dismissal premised in part on personal jurisdiction ordinarily is not res judicata, the court's order here is res judicata for reasons specific to this case. We categorically reject those arguments: when one alternative ground for dismissal is jurisdictional, the original judgment is not res judicata *regardless of other circumstances*. Accordingly, we need not examine any specific circumstances of the original action.

We nevertheless find it appropriate, because the district court misapprehended the law in this regard, to comment on Defendants' circumstance-specific arguments. Citing *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001), the district court held that, because the 2012 dismissal was labeled "with prejudice," the order necessarily had res judicata effect. *Owens* concerned a dismissal with prejudice for failure to prosecute, which is, as a matter of black letter law, a dismissal "on the merits." *Id. Owens* did not concern a dismissal for lack of jurisdiction, and it did not create a bright-line rule that the label "with prejudice" is dispositive. *See id.* ("Thus, involuntary dismissal *generally* acts as a judgment on the merits . . . ." (emphasis added) (internal quotation marks omitted)).

Relatedly, Defendants point out that none of the authorities cited by Plaintiff concerned voluntary dismissals under Federal Rule of Civil Procedure 41(a)(2) and that the district court exercised its discretion in 2012 to describe the dismissal as one "with prejudice." Rule 41 generally gives district courts wide discretion to determine whether the dismissal is with prejudice or without prejudice. *E.g.*, *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). Moreover, Defendants correctly cite *Stewart*, 297 F.3d at 956, for the proposition that "[t]he phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" Defendants argue that, accordingly, the judgment was intended to be "on the merits."

Those arguments fail for at least two reasons. First, to the extent that Defendants argue that the district court may predetermine the res judicata effect of its judgment, they are mistaken as a matter of law. *See Medellin v. Texas*, 552 U.S. 491, 513 n.9 (2008) ("A court adjudicating a dispute may not be able to predetermine the res judicata effect of its own judgment." (brackets omitted) (quoting *Shutts*, 472 U.S. at 805)); *id.* ("The first court does not get to dictate to other courts the preclusion consequences of its own judgment." (quoting 18 *Federal Practice* § 4405, at 82)); *see also Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 396 (1996) (Ginsburg, J., concurring in part and dissenting in part) ("A court conducting an action cannot predetermine the res judicata effect of the judgment; that effect can be tested only in a subsequent action."). Second, although *Stewart* stated that a "dismissal with prejudice" "often" means that the dismissal is "on the merits," the opinion then expressly noted the exception for "a dismissal for *lack of jurisdiction*." 297 F.3d at 956 (emphasis in original). In other words, the "with prejudice" label is not always conclusive for the

purpose of res judicata and, indeed, does not equate to an adjudication on the merits when the dismissal is for lack of jurisdiction.

In sum, the district court erred by holding that the 2012 dismissal was res judicata. Accordingly, we reverse the dismissal in part. We nevertheless affirm in part, on alternative grounds. *See, e.g.*, *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011) ("We may affirm the district court on any ground supported by the record."). At oral argument, Plaintiff's lawyer clearly and expressly abandoned Plaintiff's federal claim. We therefore affirm the dismissal of Plaintiff's federal claim. We also affirm the dismissal of Plaintiff's state-law claims to the extent that they rely *solely* on events that occurred more than three years before the filing of the complaint in this case. For purposes of the motion to dismiss, at least two claims are timely: (1) her claim alleging discriminatory firing in 2010; and (2) a hostile work environment claim founded in part on actions occurring within the limitations period. *Antonius v. King County*, 103 P.3d 729, 737 (Wash. 2005). We express no view on any issue other than res judicata and timeliness.

**AFFIRMED in part, REVERSED in part, and REMANDED.** Costs on appeal awarded to Plaintiff.