**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HIP HOP BEVERAGE CORPORATION, a Nevada corporation,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>JUNEICE DEANNA MICHAUX, an individual; ANHM FZCO, LLC, a California Limited Liability Company; JPMORGAN CHASE & CO., a national banking association; DOES, 1 through 100, inclusive,<br><br>     Defendants-Appellees. | No. 16-56899<br><br>D.C. No.<br>2:16-cv-03275-MWF-AGR<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted June 8, 2018
Pasadena, California

Before:  LIPEZ,** TALLMAN, and OWENS, Circuit Judges.

Hip Hop Beverage Corporation (HHBC) appeals the district court's grant of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

judgment on the pleadings in favor of defendant JPMorgan Chase Bank, N.A. (Chase). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the judgment on the pleadings de novo, *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011), and the denial of leave to amend for abuse of discretion, *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1114 (9th Cir. 2014). We affirm.

1.     HHBC did not plead facts about its discovery of Michaux's alleged embezzlement with the specificity necessary to invoke the delayed discovery rule. Therefore, its claim is time-barred.

HHBC's Third Amended Complaint (TAC) did not describe the "time *and* manner*" of its discovery of Michaux's wrongdoing. *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920–21 (Cal. 2005) (emphasis added). It stated that "[o]n or about May 19, 2012, Plaintiff became aware of records that indicated additional Company accounts were maintained at Bank of America and Chase," and it instructed an employee to obtain information regarding those accounts, which revealed "substantial irregularities." But it did not explain how HHBC "became aware" of those records in the first place. In other words, the TAC satisfied the "time" requirement, but not the "manner" requirement.

2

In its briefing on appeal, HHBC repeated the allegations in the TAC but did not offer any further explanation about how it uncovered Michaux's embezzlement.

Because HHBC failed to allege specific facts regarding how it "became aware" of the records that revealed Michaux's wrongdoing, the delayed discovery rule is unavailable here. *Fox*, 110 P.3d at 920–21. The lack of specificity makes it impossible to ascertain whether HHBC could have made its discovery earlier. *See id.* Therefore, HHBC has failed to carry its burden of establishing diligence. *See id.*

The statute of limitations for HHBC's claim against Chase for aiding and abetting a fraudulent breach of fiduciary duty is three years. *Am. Master Lease LLC v. Idanta Partners, Ltd.*, 171 Cal. Rtpr. 3d 548, 570 (Ct. App. 2014). Chase employee Cotton's last act in aid of Michaux's embezzlement scheme allegedly took place on September 29, 2011, and HHBC did not file suit against Chase until May 13, 2015. Because the delayed discovery rule does not apply, HHBC's claim is time-barred.

2.  Because we conclude that HHBC's claim is time-barred, we need not reach the merits of the aiding and abetting claim.

3.  We affirm the district court's denial of leave to amend because amendment would be futile. *See Carolina Cas. Ins. Co. v. Team Equipment, Inc.*,

3

741 F.3d 1082, 1086 (9th Cir. 2014) ("A complaint should not be dismissed without leave to amend unless amendment would be futile."); *see also Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1168 (9th Cir. 2016) ("We may affirm the district court on any ground supported by the record . . . ."). As described above, the allegations in HHBC's TAC are insufficient for the application of the delayed discovery rule. At oral argument, when asked what facts it would add to its complaint if granted leave to amend, Hip Hop replied, "not many." Given this concession, further amendment would be futile. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008) ("Appellants fail to state what additional facts they would plead if given leave to amend . . . . Accordingly, amendment would be futile.").

Costs are awarded to Appellee JPMorgan Chase & CO.

**AFFIRMED.**

4