UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

BONNIE R. FOWLER,

    Plaintiff - Appellant,

v.

STATE OF UTAH; ROYAL I. HANSEN;
MARK R. MCDOUGAL; DON R.
SCHOW; BRENT K. WAMSLEY;
DOUGLAS C. MCDOUGAL; MARK R
MCDOUGAL & ASSOCIATES,

    Defendants - Appellees.

No. 18-4091
(D.C. No. 2:17-CV-00285-CW)
(D. Utah)

_____

### ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se, Bonnie Fowler appeals the district court's order dismissing

her complaint.[1] For the reasons explained below, we affirm.

In 2013, a Utah state court granted Fowler's ex-husband's motion to terminate

his alimony payments. It did so because under Utah state law, the duration of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe pro se pleadings, but we won't act as Fowler's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

alimony payments can't exceed the length of the marriage. *See* Utah Code Ann. § 30-3-5(8)(j). Following the termination of alimony, Fowler alleged in a separate state-court action that her former divorce lawyers and their law firm committed malpractice and other torts by failing to recognize this statutory limit on alimony. But when the lawyers presented a document from the divorce proceeding in which Fowler admitted that her lawyers told her about the alimony limitation, the state court granted the lawyers' motion for summary judgment. The Utah Court of Appeals affirmed, and the Utah Supreme Court denied review. *See Fowler v. Mark McDougal & Assocs.*, 357 P.3d 5, 7 (Utah Ct. App. 2015).

Fowler then filed a federal civil-rights lawsuit—though not the one at issue in this appeal—against her former divorce lawyers and their law firm. The magistrate judge in that case recommended dismissing the complaint for failure to state a claim. Among other conclusions, he determined that (1) Fowler's 42 U.S.C. § 1983 claim failed because the lawyers weren't state actors, nor did Fowler sufficiently allege that they conspired with state actors; (2) Fowler's § 1985(2) claim failed because she didn't sufficiently allege facts supporting the existence of a conspiracy; and (3) Fowler's § 1986 claim failed because it couldn't exist independently from the § 1985 claim. The district court adopted the magistrate judge's report and recommendation in its entirety. Fowler didn't appeal.

Instead, three months later, she filed this case. The defendants each moved to dismiss. They alleged in part that Fowler's claims were barred by claim preclusion,

which prevents a party from relitigating claims already decided in a prior case.[2] *See*

*Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir.

2017). The magistrate judge assigned to the case agreed. She noted that Fowler

named the same lawyers and law firm as defendants[3] and asserted the same claims

under §§ 1983, 1985, and 1986. The magistrate judge further noted the prior

dismissal of these claims for failure to state a claim. As such, the magistrate judge

recommended dismissing Fowler's complaint based on claim preclusion. *See id.*

(explaining that claim preclusion requires identical parties, identical claims, and final

judgment on merits in earlier action). Additionally, the magistrate judge adopted the

reasoning of the district court in Fowler's prior federal case as alternative grounds for

dismissing the complaint.

After a hearing and over Fowler's timely objections, the district court adopted

the magistrate judge's report and recommendation in full. Fowler appeals. Our

review is de novo. *See id.* at 1230 (noting that application of preclusion principles to

undisputed facts is question of law reviewed de novo).

---

[2] Claim preclusion is typically an affirmative defense that arises in a defendant's answer or at summary judgment, but district courts have discretion to consider it at the motion-to-dismiss stage. *See Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) (noting that "it is proper to dismiss a claim on the pleadings based on an affirmative defense . . . when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements").

[3] Fowler also added as defendants both the state of Utah and the state-court judge who dismissed her malpractice and tort claims. But she conceded below that the magistrate judge correctly concluded that (1) the state couldn't be a defendant in a § 1983 action and (2) the state-court judge was entitled to absolute judicial immunity. On appeal, she likewise admits that these two defendants were properly dismissed. As such, we consider these defendants properly dismissed and don't discuss them further.

Fowler argues that the district court erred in ruling that claim preclusion barred her claims against the lawyers and their firm. She doesn't dispute that the parties and the claims in both this case and the prior federal case are identical. Instead, she contends that the third element of claim preclusion isn't met because the order dismissing her prior complaint wasn't a "judgment on the merits." *Id.* at 1239. In support, she cites *Ruiz v. Snohomish County Public Utility District No. 1*, 824 F.3d 1161 (9th Cir. 2016). But that case narrowly held a prior order dismissing a case for both lack of personal jurisdiction and untimeliness wasn't a prior judgment on the merits because one of those grounds (lack of personal jurisdiction) wasn't a merits-based rationale. *See Ruiz*, 824 F.3d at 1165. In contrast, the prior dismissal in this case was for failure to state a claim, which is a decision on the merits. *See Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 (10th Cir. 2014) (noting that "dismissal for failure to plead a viable cause of action is a decision on the merits"). So Fowler's argument against claim preclusion doesn't succeed.

Accordingly, because claim preclusion bars Fowler's claims, we affirm the district court's order dismissing her complaint.[4]

Entered for the Court

Nancy Moritz
Circuit Judge

---

[4] Because we affirm based solely on claim preclusion, we do not reach Fowler's challenge to the district court's alternative ruling that the lawyers aren't state actors and can't be liable under § 1983.

4