**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RYAN ROBERT BAKER,

              Plaintiff-Appellant,

  v.

CHARLES L. RYAN,

              Defendant-Appellee,

 and

UNKNOWN PARTIES, named as 1-100,
Members of the Protective Custody
Committee; et al.,

              Defendants.

No. 18-16699

D.C. No. 4:18-cv-00064-JGZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted February 6, 2020
Phoenix, Arizona

Before: O'SCANNLAIN, GRABER, and HURWITZ, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Plaintiff Ryan Baker timely appeals the dismissal of his 42 U.S.C. § 1983 action against Defendant Charles Ryan, Director of the Arizona Department of Corrections. The district court held that an earlier state-court judgment bars Plaintiff's claim. Reviewing de novo, Wojciechowski v. Kohlberg Ventures, LLC, 923 F.3d 685, 689 (9th Cir. 2019), we reverse and remand for further proceedings.

We must apply the Arizona law of claim preclusion. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) (citing 28 U.S.C. § 1738). Under Arizona law, "a final judgment on the merits rendered without fraud or collusion by a court of competent jurisdiction in a prior suit involving the same parties bars a second lawsuit based on the same cause of action." Norriega v. Machado, 878 P.2d 1386, 1389 (Ariz. Ct. App. 1994).

Claim preclusion does not apply here because the prior state-court judgment was not "on the merits." As to Defendant, the state court held that Plaintiff had failed to accomplish service of process. Failure to accomplish service of process deprives the Arizona courts of personal jurisdiction over the defendant. Bank of N.Y. Mellon v. Dodev, 433 P.3d 549, 558 (Ariz. Ct. App. 2018). Accordingly, the judgment against Defendant was not "on the merits." See Phillips Petro. Co. v. Shutts, 472 U.S. 797, 805 (1985) ("[A] judgment issued without proper personal jurisdiction over an absent party is not entitled to full faith and credit elsewhere

2

and thus has no res judicata effect as to that party."); see also Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1, 824 F.3d 1161, 1164 (9th Cir. 2016) (holding that a dismissal for lack of personal jurisdiction is not "on the merits" for purposes of claim preclusion).

Nor was the state court's judgment against the State of Arizona "on the merits."[1]  Arizona Revised Statutes section 31-201.01(L) defines the scope of the State's waiver of sovereign immunity for suits like Plaintiff's state action. Relevant here, Arizona has provided that Plaintiff "may not bring a cause of action . . . unless the complaint alleges specific facts from which the court may conclude that the plaintiff suffered serious physical injury or the claim is authorized by a federal statute."  Ariz. Rev. Stat. § 31-201.01(L).  We understand the state court to have dismissed the action because Plaintiff did not allege a serious physical injury and because the State was not a proper defendant under § 1983.  That is, the State had not waived its sovereign immunity.  The judgment was thus not "on the merits."  Ruiz, 824 F.3d at 1164-66; cf. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.").

---

[1] Plaintiff declined to argue this precise point but, because the question is a legal one and because Defendant had an opportunity to argue the point and did so, we exercise our discretion to address the issue.  Phillips v. E.I. DuPont de Nemours & Co. (In re Hanford Nuclear Reservation Litigation), 534 F.3d 986, 1007 (9th Cir. 2008) ("We have discretion . . . to overlook any waiver.").

We need not, and do not, reach any other issues.

**REVERSED and REMANDED for further proceedings.**

*Baker v. Ryan*, No. 18-16699

O'SCANNLAIN, J., dissenting:

The majority decides this case on the basis that there was no adjudication on the merits in state court. However, Baker never argued, either at the district court or before this Court, that the prior state court judgment was not an adjudication on the merits as to the State. And this Court "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *Miller v. Fairchild Industries, Inc.*, 797 F.2d 727, 738 (9th Cir. 1986). In fact, even in open court, Baker's counsel conceded that the issue was never raised and did not even attempt to make the argument, despite the Court's invitations. In respectful disagreement with the majority's statement in footnote 1, I am reluctant to overlook Baker's waiver, and thus I respectfully dissent.

In any event, I am persuaded that Ryan, in his official capacity, was in privity with the State. *Ariz. Downs v. Super. Ct. of Ariz., Maricopa Cty.*, 623 P.2d 1229, 1232 (Ariz. 1981). Baker sought the same injunctive relief against the State that he now seeks against Ryan. Indeed, at oral argument, Baker's counsel even conceded that there was privity. Furthermore, Baker's claims stem from identical facts, and the complaints in both suits are virtually identical.

I would affirm the decision of the district court.

1