**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PETAR MRKONJIC,

      Plaintiff-Appellant,

v.

DELTA FAMILY-CARE AND
SURVIVORSHIP PLAN, an ERISA plan;
et al.,

      Defendants-Appellees.

No.   19-56059

D.C. No.
2:15-cv-02255-JAK-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted May 5, 2021
Pasadena, California

Before:  KLEINFELD, WARDLAW, and GOULD, Circuit Judges.

    Petar Mrkonjic appeals the denial of his life insurance premium waiver.  The

district court erred by concluding Mrkonjic waived his claim for the premium

waiver, as the district court in *Mrkonjic I* had ordered relief on the Count One

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

claim, and Count One included the premium waiver issue. *See Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1167 (9th Cir. 2016) (noting that, even if a judgment was ambiguous, the reviewing court should give effect to the intention of the issuing court). Nor was the issue precluded by the rule of mandate from this court's prior ruling in *Mrkonjic II* because that holding focused exclusively on long-term disability benefits and did not address the premium waiver at all. *See Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016) ("The district court may . . . decide anything not foreclosed by the mandate.") (cleaned up).

Before us, Mrkonjic argues that the district court's judgment in *Mrkonjic I* entitles him to the premium waiver. This could be so. The premium waiver is part and parcel of his claim for wrongful denial of long-term disability benefits, and it flows directly from the rescission of his early retirement decision. The district court should consider whether Mrkonjic is entitled to the premium waiver under the *Mrkonjic I* judgment, along with any related claim preclusion considerations, on remand.

**REVERSED and REMANDED.**