NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MINGAN CHEN, et al., | No. 22-56101 |
| Plaintiffs-Appellees, | D.C. No. 2:17-cv-07149-MWF-RAO |
| v. | |
| FANG ZENG, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted December 7, 2023[**]
Pasadena, California

Before: WARDLAW, LEE, and BUMATAY, Circuit Judges.

Fang Zeng appeals the district court's denial of her motion to vacate the

court's entry of default and default judgment against her under Federal Rule of Civil

Procedure 60(b)(4). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the denial of a motion to vacate a judgment under Rule 60(b)(4) de novo, but we review the district court's factual findings about jurisdiction for clear error. *SEC v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

Rule 60(b)(4) provides that a court may relieve a party from a final judgment if that judgment is void. Fed. R. Civ. P. 60(b)(4). While the text of Rule 60(c) says that a Rule 60(b) motion must be made within a "reasonable time," we have held that a party can seek to vacate a void judgment at any time. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) ("There is no time limit on a Rule 60(b)(4) motion aside a judgment as void"). And a judgment is void if it was entered against a defendant over whom the court lacked personal jurisdiction. *See, e.g., Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1165 (9th Cir. 2016). We thus turn to whether the district court had personal jurisdiction over Zeng when it entered judgment against her.

1. Plaintiffs' service of process on Zeng was proper. The Federal Rules of Civil Procedure permit service of process in accordance with state law. Fed. R. Civ. P. 4(e)(1). And if a plaintiff cannot personally serve a defendant using reasonable diligence, California allows service by "leaving a copy of the summons and complaint at the person's . . . usual mailing address . . . in the presence of a

competent member of the household . . . and by thereafter mailing a copy of the summons and complaint [to that address]." Cal. Code Civ. Proc. § 415.20(b).

After using reasonable diligence to personally serve Zeng, Plaintiffs' process server left a copy of the summons and complaint with Victor Chan, an employee of Zeng and a tenant at Zeng's usual mailing address in Arcadia, California. The process server then mailed a copy of the summons and complaint to that address. Zeng argues that Plaintiffs failed to exercise reasonable diligence when attempting personal service and that the Arcadia house was not her usual mailing address. Both arguments fail.

First, Plaintiffs exercised reasonable diligence in attempting to personally serve Zeng before serving her at her usual mailing address. "Ordinarily, two or three attempts at personal service at a proper place and with correct pleadings should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *Kremerman v. White*, 71 Cal. App. 5th 358, 373 (2021) (citation omitted). Here, the efforts of Plaintiffs' private investigators fully satisfy this requirement. Zeng retorts that service was improper because she resided in China, not California. But Zeng's cited case, *In re D.R.*, 39 Cal. App. 5th 583, 591 (2019), holds that service is improper when a plaintiff *knows* that the defendant resides in another

country. Here, Plaintiffs reasonably believed that Zeng resided in and could be served in California.[1]

Second, the district court did not clearly err in finding that the Arcadia house was Zeng's usual mailing address. According to Zeng's 2016 mortgage contract, Zeng used the Arcadia house as her mailing address. Zeng argues that the service was invalid because she had agreed to a consent judgment order forfeiting the Arcadia house to the U.S. government in September 2017. But the consent judgment order only authorized the U.S. to remove Zeng 30 days after giving her notice. There are two reasons to conclude that, when service was made in November 2017, the government had not yet removed Zeng. First, Victor Chan, her tenant, was still residing at the property. Second, Zeng reconveyed the property in March 2019.

2. Zeng's argument that the Hague Convention on Service should have applied fails. "Where service on a domestic agent is valid and complete under both state law and the Due Process clause, our inquiry ends and the [Hague] Convention has no further implications." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988). Service of process was valid under California law. And

---

[1] Zeng was the chairwoman of the California Immigrant Investment Fund, a California-incorporated entity with its principal place of business in Los Angeles. Zeng also obtained mortgages on her Arcadia property in 2011 and 2016 which indicate her agreement to occupy the property as her principal residence and which designate it as her mailing address. That a deed of trust from 2011 lists a Chinese address, and that certain plaintiffs met Zeng in China at some point, are insufficient to show that Plaintiffs knew Zeng resided in China.

service was valid under the Due Process Clause because it was "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 261 (2010) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). The district court did not err by determining that the Hague Convention on Service did not apply.

Because we find that service of process was proper, we do not reach the issues of whether Zeng consented to personal jurisdiction in California or whether collateral estoppel applies. The district court had personal jurisdiction over Zeng when the judgment was entered. The judgment is not void.

**AFFIRMED.**