**Patricia A. GRANT, Ph.D.,**
**Plaintiff-Appellant,**

v.

**Claudio Gabriel ALPEROVICH;**
**et al., Defendants-Appellees.**

**No. 14-35288**

United States Court of Appeals,
Ninth Circuit.

Submitted November 15, 2017 *

Filed November 20, 2017

Patricia A. Grant, Ph. D., Pro Se

Michelle M. Garzon, Fain Anderson VanDerhoef Rosendahl O'Halloran Spil-

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

lane PLLC, Tacoma, WA, Tamara K. Nelson, Merrick, Hofstedt & Lindsey, P.S., Seattle, WA, for Defendant-Appellee Claudio Gabriel Alperovich

Tamara K. Nelson, Merrick, Hofstedt & Lindsey, P.S., Seattle, WA, Philip J. VanDerhoef, Fain Anderson VanDerhoef Rosendahl O'Halloran Spillane, PLLC, Seattle, WA, for Defendant-Appellee St Francis Hospital Franciscan Health System

Donna M. Moniz, Esquire, Counsel, Eugene A. Studer, Counsel, Johnson, Graffe, Keay, Moniz & Wick, LLP, Seattle, WA, Tamara K. Nelson, Merrick, Hofstedt & Lindsey, P.S., Seattle, WA, for Defendants-Appellees Valley Medical Center, Trient M. Nguyen

Timothy Ernest Allen, Attorney, Mullin, Allen & Steiner PLLC, Seattle, WA, Tamara K. Nelson, Merrick, Hofstedt & Lindsey, P.S., Seattle, WA, for Defendant-Appellee Michael K. Hori

Bertha B. Fitzer, Esquire, Attorney, Fitzer Leighton & Fitzer PS, Tacoma, WA, for Defendants-Appellees Pacific Medical Center Inc, Lisa Oswald, Shoba Krishnamurthy, William Richard Ludwing, US Family Health Plan

Howard Mark Goodfriend, Attorney, Smith Goodfriend, PS, Seattle, WA, Tamara K. Nelson, Merrick, Hofstedt & Lindsey, P.S., Seattle, WA, for Defendant-Appellee Michele Pulling

David Joseph Corey, Attorney, Floyd, Pflueger & Ringer, Seattle, WA, Tamara K. Nelson, Merrick, Hofstedt & Lindsey, P.S., Seattle, WA, for Defendants-Appellees Virginia Mason Health System, Richard C, Thirlby

*See* Fed. R. App. P. 34(a)(2).

Before: CANBY, TROTT, and GRABER, Circuit Judges.

### MEMORANDUM **

Patricia A. Grant appeals pro se from the district court's summary judgment in favor of the defendants in her civil rights action alleging discrimination on the basis of her mental health disability, as well as her race, age, and gender, in the medical treatment of symptoms that she suffered following surgery. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017), and we affirm.

We affirm the district court's conclusion that the defendants were not liable for any violation of Grant's constitutional rights under 42 U.S.C. § 1983 because they did not act under color of state law. *See Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011). Grant did not establish any genuine issue of material fact as to whether the defendants conspired to deprive her of the equal protection of the laws under 42 U.S.C. § 1985(3). *See Caldeira v. Cty. of Kauai*, 866 F.2d 1175, 1181 (9th Cir. 1989). She also did not establish any genuine issue of material fact regarding racial discrimination under Titles II, VI, and XI of the Civil Rights Act. *See Hardie v. Nat'l Collegiate Athletic Ass'n*, No. 15-55576, 2017 WL 4250174, at *1 (9th Cir. Sept. 11, 2017).

The district court did not err in granting summary judgment on Grant's claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12132 & 12182(a). *See Ariz. ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010) (setting forth elements of claim). The district court correctly concluded that Grant's assertion of discrimination in medical treatment decisions amounted to a claim of medical malpractice, rather than a claim of discrimination governed by the ADA.

Grant failed to exhaust administrative remedies under the Age Discrimination Act. *See* 42 U.S.C. § 6104(e)(1) & (2); 34 C.F.R. § 110.39. Neither the Health Insurance Portability and Accountability Act nor the statutes criminalizing health care fraud provide a private right of action. *See Garmon v. Cty. of L.A.*, 828 F.3d 837, 847 (9th Cir. 2016); *Logan v. U.S. Bank N.A.*, 722 F.3d 1163, 1170-71 (9th Cir. 2013).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Grant's remaining state law claims under 28 U.S.C. § 1367(a). *See* 28 U.S.C. § 1367(c); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

Finally, the district court did not abuse its discretion in failing to grant a continuance for additional discovery. *See Atay v. Cty. of Maui*, 842 F.3d 688, 698 (9th Cir. 2016).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.