**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICIA A. GRANT, Ph.D., | No. 16-35473 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01713-JLR |
| v. | |
| JAY WHITE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted November 15, 2017[**]

Before: CANBY, TROTT, and GRABER, Circuit Judges.

Patricia A. Grant appeals pro se from the district court's dismissal of her federal civil rights action as barred by judicial immunity and res judicata. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016), and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not err in dismissing claims pursuant to 28 U.S.C. § 1915(e)(2) because the judges and other defendants involved in the decision of Grant's prior state court case were protected by absolute judicial and quasi-judicial immunity. *See Burton v. Infinity Capital Mgmt.*, 862 F.3d 740, 747 (9th Cir. 2017) (discussing judicial immunity); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (setting forth standard for dismissal).

The federal claims asserted by Grant in this action were barred by res judicata in light of her prior federal action asserting the same claims against the same defendants. *See Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016). Grant's state law claims against most of the defendants were barred by the res judicata effect of her prior state court action. *See Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1230 (9th Cir. 2014); *Williams v. Leone & Keeble, Inc.*, 254 P.3d 818, 821 (Wash. 2011) (en banc). The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(a). *See* 28 U.S.C. § 1367(c); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

The district court did not abuse its discretion in denying Grant's recusal motion. *See Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015); *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1220 (9th Cir. 2014) (per

2

curiam) (stating that judicial rulings alone almost never constitute a valid basis for recusal).

All pending motions are denied.

**AFFIRMED.**