**Affirmed in Part; Reversed in Part; Remanded; and Memorandum Opinion filed December 17, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00677-CV

---

**PATRICIA A. GRANT, PH.D., Appellant**

**V.**

**TEXAS STATE ATTORNEY GENERAL, OPEN GOVERNMENT RECORDS DIVISION; AND TEXAS HEALTH AND HUMAN SERVICES DEPARTMENT OF AGING AND DISABILITY SERVICES – OFFICE OF THE LONG-TERM CARE OMBUDSMAN PROGRAM OPEN RECORDS DIVISION, Appellees**

---

**On Appeal from the 53rd District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-18-002178**

---

## M E M O R A N D U M   O P I N I O N

Plaintiff Patricia A. Grant appeals from the district court's order granting the plea to the jurisdiction and the motion to dismiss filed by the defendants the Office of the Attorney General of Texas ("the OAG") and the Texas Health and Human

Services Commission ("HHSC"; collectively, "the Agencies").[1] We agree with Grant that the Texas Public Information Act grants her standing to pursue, and waives the Agencies' sovereign immunity from, her claims for declaratory and injunctive relief for the Act's violation. We therefore reverse the dismissal of Grant's requests for declaratory and injunctive relief for the Agencies' alleged violations of the Texas Public Information Act. Grant has not challenged the portion of the judgment granting the motion to dismiss as it pertains to her claims that the Agencies are complicit in elder abuse and in civil-rights violations; thus, we leave that part of the judgment intact. In all other respects, we affirm the trial court's judgment, and we remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Appellant Patricia A. Grant sued the Agencies based on their failure to produce certain documents in response to her open-records requests under the Texas Public Information Act ("the Act"). She also pleaded that the Agencies' alleged violations of the Act make them complicit in elder abuse and "family advocate civil rights law violations." Pursuant to the Act, she pleaded for unspecified injunctive relief, for a declaration that the Agencies have violated the Act, and for a writ of mandamus compelling the Agencies to produce certain documents. Grant further pleaded for various other declarations of her rights under unidentified provisions of the state's constitution and laws. In addition, she asked the trial court to intervene to remedy or prevent elder abuse, "hostile nursing facility environments," manipulation and coercion of elderly residents of nursing homes, medical negligence, "elderly fear of police involvement," "failed ombudsman nursing facility residency civil rights

---

[1] Despite the style of the case, the defendants are the OAG and HHSC, not specific departments, offices, or divisions within those agencies.

2

protection," and continuing endangerment of a nursing-facility resident's health and well-being.

Of the claims Grant pleaded in the trial court, she challenges on appeal only the dismissal of her claims for declaratory and injunctive relief for the Agencies' alleged violation of the Act. We therefore describe her factual allegations only as to those claims.

## A. Grant's Claims Against the OAG

Grant alleges that she requested information from the Department of Family & Protective Services ("DFPS") related to certain elder-abuse complaints, which she identified by complaint number, case number, or by the identity of the alleged victim or perpetrator. Her records request was denied. According to Grant, the OAG unconstitutionally granted DFPS "a waiver of plaintiff's release of information waiver request" and failed to reply to her "rebuttal letter." She contends that the OAG's failure to revoke the waiver violates the Act.

## B. Grant's Claims Against HHSC

Grant similarly alleges that HHSC violated the Act. She alleges that she made open-records requests to HHSC's predecessor[2] in June and September of 2015, but she does not identify the documents she requested. She asserts that HHSC finally responded on March 16, 2016, "without [an OAG] waiver, requested documents, or cost quotes." She seeks an order compelling HHSC to produce "all 61 pages as handwritten on an envelope enclosed with defendant's March 16, 2016 letter." She

---

[2] Grant directed these requests to the Department of Aging and Disability Services, but before this suit was filed, the legislature transferred that department's functions to the Health and Human Services Commission and abolished the Department. *See* TEX. GOV'T CODE ANN. §§ 531.02001–.0207. As the Department's successor, HHSC answered the claims that might otherwise have been directed to DADS. To avoid confusion, we include the former Department of Aging and Disability Services in our references to HHSC.

also asked the trial court to require HHSC to produce to Grant "any [and] all Ombudsman information," including investigations, incident reports, and complaints, together with "any and all other court admissible information not listed, as the information pertain[s] directly or indirectly to" a particular nursing-home resident.

## C.    The Agencies' Response

The Agencies filed a plea to the jurisdiction combined with a motion to dismiss under Texas Rule of Civil Procedure 91a. They argued in their plea to the jurisdiction that (1) Grant lacks standing to assert claims on behalf of a third party, (2) the Agencies have sovereign immunity from suit and from monetary damages,[3] (3) Grant's requests for information under the Texas Public Information Act are considered withdrawn as a matter of law, and (4) a claim under the Uniform Declaratory Judgments Act does not confer jurisdiction on the trial court. The Agencies moved to dismiss under Texas Rule of Civil Procedure 91a on the grounds that (1) they have sovereign immunity from suit; and (2) Grant alleged "complicit ongoing elder abuse and advocate civil rights violations" but "allege[d] too few facts to demonstrate a viable, legally cognizable right to relief." The trial court granted both the plea and the motion and dismissed Grant's claims with prejudice.

In her first two issues, Grant contends that she has standing to sue under the Texas Public Information Act, which also waives the Agencies' immunity from suit for declaratory and injunctive relief for violating the Act. Grant's five remaining issues concern matters that are not properly before us.

## II.  GRANT HAS NOT ABANDONED HER APPEAL

---

[3] Grant did not plead for monetary damages, but in her response to the Agencies' plea to the jurisdiction, she asserted that she is entitled to compensatory and punitive damages.

As a threshold issue, the Agencies assert that Grant has abandoned her appeal by failing to address the grounds on which the district court dismissed her claims. According to the Agencies, these grounds are that (1) Grant lacks standing, (2) the Agencies have sovereign immunity from suit, and (3) the records sought are confidential.

The Agencies are mistaken. Grant addresses standing and sovereign immunity in her appellate brief, and the allegedly confidential nature of the records she seeks are not at issue in this appeal for two reasons.

First, confidentiality of the records is not jurisdictional. The Agencies themselves characterize confidentiality as a "defense" to the failure to disclose.[4] Confidentiality is relevant to the merits of Grant's claims that the Agencies have violated the Texas Public Information Act, and because "[t]he purpose of a plea to the jurisdiction is to 'defeat a cause of action without regard to whether the claims asserted have merit,'"[5] the Agencies appropriately did not raise this merits argument in their plea to the jurisdiction.

---

[4] More accurately, confidentiality is a reason to withhold information from the general public. Nevertheless, some confidential information is available to certain requestors based on the procedural history of the request or the requestor's connection to the information sought. *See, e.g.*, TEX. GOV'T CODE ANN.§ 552.302 (absent a timely request for an OAG opinion that the requested information may be withheld, the information is presumed to be public and must be released absent a compelling reason to withhold it); *id.* § 552.023(a) (a person has a special right of access to information related to that person, even though laws intended to protect that person's privacy interests protect the information from public disclosure); *id.* § 552.307 (if the person has a special right of access, the governmental body must either release the information within ten business days or request an OAG opinion that the information is exempt from disclosure); 40 TEX. ADMIN. CODE § 705.7107(1)(A), (3), (4) (after appropriate redactions, certain Adult Protective Services case records requested in writing must be made available to specific requestors, which may include a living adult APS client, a person interviewed as part of an APS investigation, or an alleged or designated perpetrator of abuse, neglect, or exploitation of an APS client).

[5] *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019) (quoting *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)).

Second, although certain merits arguments could be addressed through a motion to dismiss under Rule 91a, the Agencies did not move for dismissal on the grounds that Grant sought confidential records. To the contrary, they challenged Grant's claims under the Act only on the jurisdictional ground of sovereign immunity. The remainder of the Agencies' motion to dismiss was directed to Grant's claims of "complicit ongoing elder abuse and advocate civil rights violations," and the Agencies challenged those claims on the ground that Grant "alleges too few facts to demonstrate a viable, legally cognizable right to relief." Confidentiality was never mentioned, and the Agencies could not raise a new ground at the hearing. *See* TEX. R. CIV. P. 91a.2 ("A motion to dismiss . . . must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both."). Further, the trial court's judgment indicates that it did not consider the Agencies' assertions at the hearing that the records requested from DFPS are confidential.[6] The trial court instead stated in the judgment, "After due consideration *of the law and the filings* of parties, the Court finds said motion meritorious." The record therefore does not show that the trial court erroneously treated the confidentiality argument as jurisdictional or considered arguments raised for the first time at the hearing on the motion to dismiss.

### III. GRANT'S APPEAL AS TO HHSC IS NOT MOOT

The Agencies also imply that Grant's appeal of the dismissal of her claims against HHSC under the Act are moot. *See Kessling v. Friendswood Indep. Sch. Dist.*, 302 S.W.3d 373, 384 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (claims regarding fulfilled record requests are moot). They state that "from [Grant's]

---

[6] The Agencies did not contend that the records requested from HHSC—which were not described—are confidential.

argument it seems she received the documents requested from HHSC . . . . To the extent she is requesting documents, it appears she already has them."

There is no support for this inference. Grant refers in her brief to the government records that she "diligent[ly] and persistently seeks" and to her "continuously denied government records requests." Although we are free to consider evidence outside the record showing that we lack jurisdiction over this part of the appeal due to mootness,[7] HHSC has offered none. We therefore consider Grant's appeal on the merits.

## IV.  THE PLEA TO THE JURISDICTION

We review de novo the trial court's grant of a plea to the jurisdiction. *See Chambers-Liberty Ctys. Navigation Dist. v. State*, 575 S.W.3d 339, 345 (Tex. 2019). We first look to the pleadings to determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Id*. If the issue is one of pleading sufficiency, the plaintiff should be afforded the opportunity to amend unless the pleadings affirmatively negate jurisdiction. *Id*. at 227.

The Agencies challenged only Grant's pleadings, arguing in their plea to the jurisdiction that (a) Grant lacks standing to assert claims on behalf of another, (b) the Agencies have sovereign immunity from suit and for claims for monetary damages, (c) Grant's requests for information under the Act are considered withdrawn as a matter of law, and (d) a claim under the Uniform Declaratory Judgments Act does not confer jurisdiction on the trial court. We address each ground in turn.

---

[7] *See* TEX. GOV'T CODE ANN. § 22.220(c).

**A.    Grant Has Standing to Assert Statutory Claims Under the Act.**

To sufficiently plead standing, a plaintiff must allege that (1) the plaintiff has suffered a personal injury, (2) the injury is fairly traceable to the defendant's unlawful conduct, and (3) the injury is likely to be redressed by the requested relief. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 154 (Tex. 2012). The Agencies argue that Grant's tort claims lack either the first or second element of standing, and thus, her claims also are not redressable.

Regarding Grant's tort claims, the Agencies are correct. To meet the injury requirement, the plaintiff must plead facts demonstrating that the plaintiff, rather than a third party or the public at large, suffered the injury. *Id.* at 155 (citing *S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 307 (Tex. 2007) (per curiam)). As the Agencies point out, Grant lacks standing to bring claims of elder abuse, because she alleges the abuse was suffered by a third party. Regarding the element of traceability, the Agencies contend that Grant's claims of retaliation are not fairly traceable to her records requests. We agree with both of those arguments. We further agree that because Grant cannot establish that she personally suffered elder abuse or retaliation as a result of the Agencies' denial of her record requests, those claims are not likely to be redressed by the declaratory and injunctive relief Grant requests. Grant does not contend otherwise.

But, as Grant correctly points out, the same is not true of her claims under the Texas Public Information Act. Her claims that the Agencies violated the Act by failing to make the information she requested available are claims that she, as the person requesting the information, is the injured party. Her claimed injury is lack of access to the information she seeks, and that injury is fairly traceable to the Agencies' alleged violation of the Act. Finally, that injury is redressable. *See* TEX.

GOV'T CODE ANN. § 552.3215 (declaratory and injunctive relief available to a person claiming to be the victim of the Act's violation).

Because Grant has standing to pursue declaratory and injunctive relief for the Agencies' alleged violations of the Act, we sustain her first issue as to those claims.

**B.     The Legislature Waived the Agencies' Immunity from Suits for Declaratory and Injunctive Relief Under the Act.**

Unless waived, sovereign immunity protects the State of Texas and its agencies from suit and liability. *Chambers-Liberty Ctys. Navigation Dist.*, 575 S.W.3d at 344. Because sovereign immunity implicates jurisdiction, it can be asserted in a plea to the jurisdiction. *Id.* at 345.

The legislature has waived certain governmental bodies' sovereign and governmental immunity from suits for declaratory and injunctive relief for violations of the Texas Public Information Act. *See* TEX. GOV'T CODE ANN. § 552.3215; *see also Travis v. Tex. Dep't of Pub. Safety*, No. 03-14-00314-CV, 2016 WL 4429931, *2 (Tex. App.—Austin Aug. 18, 2016, pet. denied) (mem. op.) (suit for declaratory relief challenging an OAG ruling on an open-records request). In her petition, Grant specifically pleaded, "Pursuant to GOV'T 5 Sec. 552.3215,[8] plaintiff seeks declaratory judgment and injunctive relief." Neither at trial nor on appeal have the Agencies disputed that section 552.3215 waives their immunity from suit for this relief.

We sustain Grant's second issue as to her requests for declaratory and injunctive relief for the Agencies' alleged violations of the Act.

---

[8] Grant defined "GOV'T" to mean "Texas Government Code Title." Section 552.3215 is found in Title 5 of the Texas Government Code.

**C.     Grant Did Not Withdraw Her Records Requests.**

In their plea to the jurisdiction, the Agencies asserted that Grant's open-records requests must be deemed withdrawn as a matter of law because she "does not elaborate on the status of the requests." As support for this assertion, the Agencies cited Texas Government Code section 552.2615(b).

Section 552.2615 provides that if a person requesting a copy of public information will be charged more than $40, the responding agency must provide the requestor with a written itemized statement of the estimated charges. Subsection (b) states that the request is considered withdrawn if the requestor does not respond in writing to the itemized statement within ten business days. *Id.*

Although the parties have not explicitly briefed this ground on appeal, we must treat appellate issues "as covering every subsidiary question that is fairly included,"[9] and on appeal, Grant characterizes her records requests as "continuously denied." Grant similarly stated in her pleading that she sought "legal relief from . . . denials of formal [open-records] requests." This necessarily implies that the Agencies did not provide her with an itemized statement of the charges for granting the requests. Regarding HHSC, Grant further pleaded that HHSC responded without "requested documents, or cost quotes."

By such statements, Grant sufficiently alleged that the Agencies denied her records requests, and these uncontroverted factual allegations must be treated as true. Because the Agencies produced no evidence that Grant failed to timely respond to an itemized statement of costs, the trial court could not properly have granted the Agencies' plea to the jurisdiction on the ground that Grant's records requests are deemed withdrawn under Texas Government Code section 552.2615(b).

---

[9] TEX. R. APP. P. 38.1(g).

**D.  We Need Not Address Jurisdiction Under the UDJA.**

In its last jurisdictional argument in the trial court, the Agencies asserted that the Uniform Declaratory Judgments Act ("UDJA")[10] does not confer jurisdiction on the trial court.[11] Because Grant has successfully established that the trial court has jurisdiction over her claims for declaratory relief under section 552.3215, it is unnecessary to consider whether another statute independently confers the same jurisdiction.

## V.  THE RULE 91A MOTION TO DISMISS

Under Texas Rule of Civil Procedure 91a, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. As specified in the rule, a cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. *Id*. A cause of action has no basis in fact if "no reasonable person could believe the facts pleaded." *Id*. We review the ruling on a Rule 91a motion de novo. *AC Interests, L.P. v. Tex. Comm'n on Envtl. Quality*, 543 S.W.3d 703, 706 (Tex. 2018). The Agencies moved for dismissal under Rule 91a on only two grounds.

First, the Agencies asserted sovereign immunity from suit on all of Grant's claims. For the reasons previously addressed, we reject that argument as to Grant's claims for a declaratory and injunctive relief under the Act.

---

[10] TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–.011.

[11] *But see Kessling*, 302 S.W.3d at 382–83 (a person seeking information under the Texas Public Information Act "could seek relief from a governmental entity's refusal to produce information by directly filing a declaratory judgment action under the UDJA against the entity" (citing *City of Garland v. Dall. Morning News*, 22 S.W.3d 351, 357–58 (Tex. 2000) and *Dominguez v. Gilbert*, 48 S.W.3d 789, 796 (Tex. App.—Austin 2001, no pet.))).

Second, the Agencies stated that, as to Grant's claims that they are complicit in ongoing elder abuse and civil rights violations, Grant "allege[d] too few facts to demonstrate a viable, legally cognizable right to relief." Grant does not challenge the portion of the trial court's judgment dismissing her claims of elder abuse and civil rights violations.

We accordingly reverse the portion of the judgment granting the Agencies' motion to dismiss on the grounds of sovereign immunity as to Grant's claims for declaratory and injunctive relief under the Act, and we leave intact the unchallenged portion of the judgment granting the motion to dismiss Grant's claims of complicity in elder abuse and in civil-rights violations.

## VI. GRANT'S REMAINING ISSUES

Grant's remaining issues concern matters over which we have no jurisdiction or that have been waived.

Her third and fourth issues concern claims Grant raised in federal lawsuits under the Americans with Disabilities Act ("ADA").[12] She identifies her third issue as "Whether Code 552 State and State Agencies have Sovereign Immunity, under the American Disability Act ('ADA'),"[13] and her fourth issue as "Whether Individuals Covered Under ADA are Denied Abuse Reporting in Texas and Texas State Agencies." There are no ADA claims in this case; those complaints instead

---

[12] *See Grant v. Seabron*, Civil No. SA-15-CA-964-RP689, 2015 WL 13546621 (W.D. Tex. Nov. 10, 2015) (magistrate judge's report and recommendation), *report and recommendation adopted*, 2016 WL 9455621 (Jan. 25, 2016), *aff'd*, Fed. Appx. 288 (5th Cir. 2017) (per curiam); *Grant v. Alperovich*, 703 Fed. Appx. 556, 557 (9th Cir. 2017), *cert. denied*, 139 S. Ct. 179, 202 L. Ed. 2d 110 (2018); *Grant v. White*, 703 Fed. Appx. 523 (9th Cir. 2017), *cert. denied*, 139 S. Ct. 164, 202 L. Ed. 2d 101 (2018).

[13] The Texas Public Information Act is codified as Chapter 552 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. §§ 552.001–.353. Grant refers to the Act as "Chapter 552" or "Code 552."

were raised in one or more of Grant's federal suits. Although those proceedings have no bearing on this case, the Agencies attached to their combined plea/motion to dismiss a copy of the magistrate's report from one of those federal cases, and the report referred to Grant's two other federal lawsuits.[14] Grant mistakenly concluded that by attaching the report to the plea, the Agencies had "expand[ed] the scope of this lawsuit" to incorporate her "Federal Mental and Behavioral Health American Disability Act ('ADA') *Grant v. Seabron*, et.al. rulings." The federal courts have ruled on Grant's ADA claims, and we lack jurisdiction to review those rulings. We therefore dismiss Grant's third and fourth issues for want of jurisdiction.

In her fifth issue, Grant asks, "Whether a culture of *In Forma Pauperis* and/or pro se litigant Confirmation Biasness and/or Systemic Discrimination is part of the judicial culture of the state Attorney General's Office, Travis and Judge's rulings." This is a request for an advisory opinion which we lack jurisdiction to render. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam) (citing TEX. CONST. art. II, § 1). We accordingly dismiss this issue as well.

Grant phrases her sixth issue, "Whether conflict of interest, abuse of discretion, and other actions between the Appellees, and district court warrant fines and sanctions." She similarly asks in her seventh issue, "Whether Sanctions Warranted for Overt Abuse of Authority and Questions of Unethical Procedural and Judicial Practices." No rulings reviewable for abuse of discretion have been challenged on appeal, and none of Grant's remaining complaints were preserved in the trial court. *See* TEX. R. APP. P. 33.1(a), 38.1(i). Thus, her sixth and seventh issues are waived.

---

[14] *See Seabron*, 2015 WL 13546621, at *1 n.4.

## VII. CONCLUSION

Grant sufficiently alleged facts showing that she has standing to sue for declaratory and injunctive relief for the Agencies' alleged violations of the Texas Public Information Act. Because the legislature waived the Agencies' sovereign immunity as to these claims, we reverse the portion of the trial court's judgment dismissing these claims. *See* TEX. R. APP. P. 44.1(b). We leave intact the unchallenged portion of the judgment granting the motion to dismiss as it pertains to Grant's claims that the Agencies are complicit in elder abuse and in civil-rights violations. We affirm the remainder of the trial court's judgment, and we remand the case for further proceedings consistent with this opinion.


/s/    Tracy Christopher
Justice

Panel consists of Justices Christopher, Spain, and Poissant.