# United States Court of Appeals
## For the First Circuit

No. 22-1313

CYNTHIA FOSS,

Plaintiff, Appellant,

v.

EASTERN STATES EXPOSITION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Timothy S. Hillman, U.S. District Judge]

Before

Barron, Chief Judge,
Howard and Montecalvo, Circuit Judges.

Gregory Keenan, with whom Andrew Grimm and Digital Justice Foundation were on brief, for appellant.
James C. Duda, with whom Lauren C. Ostberg and Buckley, Richardson and Gelinas, LLP were on brief, for appellee.
Paul A. Maddock and Carey, Danis & Lowe, LLC, on brief for amicus curiae Law Professor Christine Davik.

May 10, 2023

**BARRON, <u>Chief Judge</u>**.  This case concerns Cynthia Foss's appeal from an order that dismissed on claim preclusion grounds her claims against Eastern States Exposition ("Eastern") in which she alleged violations of federal copyright infringement law and the U.S. Visual Artists Rights Act ("VARA").  She contends that the order cannot stand because it gives claim preclusive effect to a dismissal in a prior action that she brought, even though that dismissal rested on multiple grounds of which one would not in and of itself have rendered that dismissal claim preclusive.  She relies for this argument on the contention that federal res judicata law recognizes the "alternative-determinations" doctrine, which (at least as a general matter) strips a dismissal of claim preclusive effect if the dismissal rests on multiple grounds, not all of which would on their own render the dismissal claim preclusive.

We have not had occasion in any prior case to address whether federal res judicata law recognizes the alternative-determinations doctrine.  But, we must do so here, as we agree with Foss that the assertedly preclusive dismissal rested on one ground that on its own could not permit the dismissal to be claim preclusive, notwithstanding that the dismissal also rested on two other grounds that could have.  Moreover, we conclude both that federal res judicata law does recognize the alternative-determinations doctrine and that this doctrine applies here.  Thus,

because Eastern does not contend on appeal that there is any ground other than claim preclusion for the dismissal of the claims at issue, we vacate the judgment dismissing those claims and remand for further proceedings consistent with this decision.

## I.

The lengthy path to this appeal begins with the complaint that Foss filed in January 2018 -- and amended in February 2018 -- against Eastern and five other parties[1] in federal district court in the District of Massachusetts. The amended complaint in that action, which we will refer to as "Action 1," alleged that the defendants had, in connection with their use of artwork that they had commissioned from Foss for an exhibit at a fair, committed "plagiarism" and "copyright infringement" in violation of "17 U.S.C. § 1009, 504 or 1125" by taking actions that "violated [Foss's] rights, breach[ed] . . . contractual obligations, creat[ed] and maintain[ed] conflict, resistance and failure to mitigate damages, substantially affecting the Artist's right [sic]."

---

[1] Foss filed the initial complaint against Eastern and two other parties and added three more parties to the amended complaint. The five parties other than Eastern included in the amended complaint were Joseph's Abbey ("the Abbey"), a monastery; Spencer Brewery, a brewery owned by the monastery; Cup of Julie Show, a Massachusetts syndicate of Eastern; William J. Ritter, Esq., a lawyer representing Spencer Brewery; and James C. Duda, Esq., a lawyer representing Eastern and Cup of Julie Show.

In Action 1, the district court dismissed Foss's state law claims with prejudice.  See Foss v. Eastern States Exposition, 593 F. Supp. 3d 1, 2 (D. Mass. 2022).  But, the district court dismissed her federal copyright infringement claims in that action without prejudice, id., in part on the ground that she had failed to plead adequately that she had fulfilled a precondition to suit for federal copyright infringement that 17 U.S.C. § 411(a) sets forth.  Id.

Section 411(a) provides that a party bringing a federal copyright infringement suit must show that the party had either registered its copyright with the U.S. Copyright Office or that the U.S. Copyright Office had refused to register the copyright after the party had delivered the proper deposit, application, and fee to that office.  Section 411(a) further provides that, in the case of a refused registration, the party also must show as a precondition to suit for federal copyright infringement that it had given proper notice of the suit and served a copy of its complaint on the Register of Copyrights.

In dismissing Foss's federal copyright infringement claims without prejudice in Action 1, the district court held that Foss had not adequately pleaded either that she had registered her copyright or that her copyright registration had been refused and she had taken the requisite steps following refusal as required by § 411(a).  But, as that dismissal was "without prejudice," it did

not prevent Foss from seeking to cure the § 411(a)-related defect in that same action by filing an amended complaint.

Foss did not avail herself of that option, however. Instead, in July 2018, Foss initiated a new action, this time in Massachusetts state court, in which she named Eastern and five other parties[2] as the defendants. The defendants then removed that case to federal district court in the District of Massachusetts, and that federal district court thereafter docketed two separate federal actions.[3]

Foss's claims in each of these two new federal actions -- which we will refer to as "Action 2" and "Action 3" -- were based on the same facts as she had pleaded in Action 1. Foss alleged in Actions 2 and 3 that the defendants had "wilfully [sic] and knowingly infringed upon Foss's copyright protection under USC [sic];" violated Foss's "constitutionally created individual property rights" under, inter alia, "17 U.S.C. sections 1-11;" and violated numerous state law provisions.

The defendants in Actions 2 and 3 thereafter filed motions to dismiss all the claims in each of these two cases. The

---

[2] Three of the parties to this second action -- the Abbey, Spencer Brewery, and Cup of Julie Show -- were also defendants in the initial action. Foss also sued Northeastern University and Ruggles Media, a syndicate marketing program of Northeastern University.

[3] It is not clear from the record of this case why two federal court cases were docketed.

defendants contended in their motions to dismiss that "any state-law claims asserted in Plaintiff's Complaint are equivalent to and preempted by Plaintiff's copyright infringement claim." They further contended in the motions that the federal copyright infringement claims failed to state claims on which relief could be granted due to Foss's failure to allege adequately that she had complied with the copyright registration-related precondition set forth in § 411(a).

The district court in both Actions 2 and 3 granted the defendants' motions to dismiss. But, although the district court in those actions dismissed the state law claims in the two actions "with prejudice," it dismissed the federal copyright infringement claims "without prejudice."

Soon thereafter, the district court consolidated Actions 1, 2, and 3. We will refer to the consolidated action just as "Action 3."

In April 2019, Foss filed an amended complaint in Action 3 against Eastern and two other parties,[4] in which she alleged that they had "infringed upon rights of Foss's copyright work" and that she was entitled to relief under, inter alia, 17 U.S.C. §§ 106, 106A, 202, 411, 501(a), 502(a), 504(c)-(d), and 505. Eastern moved to dismiss the claims "with prejudice" pursuant to Federal Rule of

---

[4] The other parties were the Abbey and Spencer Brewery.

Criminal Procedure 12(b)(6) on multiple independent grounds: that Foss had (1) failed to describe the allegedly infringed work; (2) failed to allege plausibly that Eastern had copied original elements of the work; and (3) repeatedly failed to allege that she had fulfilled the copyright registration precondition set forth in § 411(a).

The district court in Action 3 granted Eastern's motion and dismissed "with prejudice" Foss's federal copyright infringement claims, as set forth in the amended complaint, via an electronic order. The order explained that the motion to dismiss with prejudice was granted "for the reasons stated in [Eastern's] supporting memorandum."[5]

In 2020, Foss filed what we will refer to as "Action 4" in federal district court in the District of Massachusetts. This is the action from which the present appeal arises. The complaint in this action is based on the same set of facts that formed the basis for the complaints described above and names only Eastern as the defendant. It alleges that Eastern committed federal copyright infringement in violation of 17 U.S.C § 106(1)-(3), (5) and violated VARA, 17 U.S.C. § 106(a)(1)(A).

---

[5] Less than three weeks after this case was dismissed, Foss brought a suit arising out of the same copyright dispute against Spencer Brewery in state court. That action was removed to federal district court, which dismissed the case on res judicata grounds, finding that the previous actions, including the amended complaint in Action 3, were adjudicated "on the merits."

Eastern moved to dismiss the claims in Action 4 in part on the ground that they were subject to claim preclusion due to the dismissal with prejudice of the federal copyright infringement claims that Foss had asserted in her amended complaint in Action 3. The District Court granted Eastern's motion and dismissed the complaint "with prejudice." It held that the claims in Action 4 were precluded by the dismissal of the federal copyright infringement claims in Action 3 and that, even though Foss had not previously alleged a violation under VARA, such a claim was "barred by res judicata as [it] should have been asserted in the prior action(s)." Foss timely appealed.

## II.

### A.

Foss contends that the District Court in Action 4 erred by holding that the dismissal of her claims in her amended complaint in Action 3 precluded the claims before us in this appeal and so required their dismissal. We apply federal claim preclusion law in federal question cases like the one before us here.[6] See Blonder-Tongue Lab'ys, Inc. v. Univ. of Ill. Found., 402 U.S. 313, 324 n.12 (1971).

---

[6] The District Court below, and the parties on appeal, focus on the application of claim preclusion to the present case and largely ignore issue preclusion. Our decision thus addresses only claim preclusion.

To establish federal claim preclusion in such a case, a party must establish that there is "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." Mass. Sch. of L. at Andover v. Am. Bar Assoc., 142 F.3d 26, 37 (1st Cir. 1998) (quoting Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994)). Foss does not dispute that the dismissal with prejudice of her federal copyright infringement claims in Action 3 satisfies the second and third requirements for claim preclusion with respect to the claims in Action 4 that are at issue in this appeal. She also concedes that a dismissal based on two of the three grounds given for the dismissal in Action 3 -- namely, the ground concerning Foss's asserted failure to describe the work that had been allegedly infringed and the ground concerning her asserted failure to plead plausibly the work's originality -- were merits-based and thus would have satisfied the first requirement set forth above. Thus, she does not dispute that had the dismissal of Action 3 been based on either or both of those grounds, that dismissal would have been preclusive of her claims in Action 4 that are before us in this appeal.[7]

---

[7] None of the parties contend that any dismissals other than the dismissal of the claims in the amended complaint in Action 3 preclude Foss's claims in the present action.

The linchpin of Foss's appeal, then, is that the dismissal in Action 3 also rested on one other ground -- her failure to allege that she had satisfied the registration-related precondition to copyright infringement suits under § 411(a). She reasons in this regard that a dismissal that rests solely on that ground cannot be claim preclusive because that ground is not merits-based. And so, she argues, the dismissal in Action 3 also is not claim preclusive, because that dismissal was based in part on that ground.

Foss relies in pressing this argument on what she contends is federal res judicata law's recognition of the alternative-determinations doctrine. Under that doctrine, as she describes it, an adjudication of a claim by a court of first instance is not claim preclusive if the court of first instance rested that adjudication on at least one ground that would not have made the adjudication claim preclusive if it had been the sole ground for judgment in that case.

We have not had occasion to decide whether federal res judicata law recognizes the alternative-determinations doctrine. Nor have we had occasion to address what the scope of that doctrine is insofar as federal res judicata law recognizes it. We need tackle those questions here, however, only if Foss is right that the dismissal of her federal copyright infringement claims with prejudice in Action 3 was based on one ground that would not on

its own have rendered that dismissal claim preclusive. We thus turn first to that question, which concerns the basis for the dismissal in Action 3. Our review in doing so is de novo. See Silva v. City of New Bedford, 660 F.3d 76, 78 (1st Cir. 2011).

**B.**

Foss contends that the District Court in Action 4 incorrectly based its claim preclusion ruling on the premise that all the grounds for the dismissal were merits-based within the meaning of the first prong of the test for federal claim preclusion. She contends that the District Court did so in Action 4 because it wrongly understood dismissals under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim" always to be merits-based for the purpose of that prong of the test. We agree with Foss that the District Court was in error to the extent it labored under that understanding.[8]

While dismissals for failure to state a claim under Rule 12(b)(6) usually are "merits"-based and so claim preclusive, see Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981), such dismissals are not when they are based solely on a failure to allege a precondition to suit. See Lebron-Rios v. U.S. Marshal Serv., 341 F.3d 7, 13-14 (1st Cir. 2003) (citing Costello

---

[8] Insofar as Eastern argues to us, on appeal, that the dismissal of Action 3 was based on Foss's misuse of the legal system, we find scant evidence in the record to support this argument.

v. United States, 365 U.S. 265, 284-88 (1961)); cf. In re Sonus Networks, Inc., S'holder Derivative Litig., 499 F.3d 47, 60-62 (1st Cir. 2007) (finding that dismissal under Massachusetts Rule of Civil Procedure 23.1 for failure to allege a precondition to a derivative suit is not a bar to subsequent litigation under state claim preclusion law).  In that event, the dismissal turns on an issue too disconnected from the merits of the underlying claim to constitute an adjudication of the claimed rights of the parties sufficient to "terminat[e]" a "controversy" and preclude future litigation of that controversy.  See Costello, 365 U.S. at 285-88 (quoting Haldeman v. United States, 91 U.S. 584, 585-86 (1875)); cf. In re Sonus Networks, Inc., S'holder Derivative Litig., 499 F.3d at 60-62 (explaining that "[w]hile dismissal of a derivative suit for failure to plead demand or excuse is of course a type of dismissal for inadequate pleadings, it is also a dismissal for failure to accomplish a precondition" and thus is not claim preclusive under Massachusetts law).

Thus, insofar as the District Court deemed the dismissal in Action 3 claim preclusive because it was ordered pursuant to Rule 12(b)(6), see Foss, 593 F. Supp. at 3, Foss is right that the District Court erred.  After all, the parties do not dispute that the copyright registration requirement set forth in § 411(a) is a precondition to federal copyright infringement suits.  See Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 157 (2010).  Nor do they

dispute that the dismissal of Foss's federal copyright infringement claims in Action 3 rested in part on her failure to allege what was necessary with respect to that requirement. As a result, that dismissal, if based on that ground alone, would not have been claim preclusive, see Lebron-Rios, 341 F.3d at 13-14, just because it was a dismissal for failure to state a claim under Rule 12(b)(6).

As Eastern points out, however, the dismissal in Action 3 was "with prejudice." But that feature of the dismissal does not in and of itself render it claim preclusive if it otherwise would not be. The "with prejudice" label does not itself determine a dismissal's preclusive effect. See Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001) (noting that while a dismissal "without prejudice" will "ordinarily (though not always) have the consequence of not barring the claim from other courts," its "primary meaning relates to the dismissing court itself"); see also Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 396 (1996) (Ginsburg, J., concurring in part and dissenting in part) ("A court conducting an action cannot predetermine the res judicata effect of the judgment; that effect can be tested only in a subsequent action.").

We do recognize, though, as Eastern also argues, that the motion to dismiss Foss's federal copyright infringement claims in the amended complaint in Action 3 sought to have the claims

dismissed "with prejudice" because Foss's complaint failed to plead satisfaction of the requirement set forth in § 411(a) after Foss had multiple opportunities to cure the defect in the complaint concerning the precondition. And thus, we agree with Eastern that the District Court may be understood to have ordered the dismissal of that claim "with prejudice" in consequence of that failure on Foss's part, given that the District Court granted the motion to dismiss "for the reasons stated in [Eastern's] supporting memorandum."

That feature of the dismissal, however, ensured only that Foss was denied the opportunity to try yet again to cure her failure to allege compliance with the precondition to suit in the action in which the claim was dismissed. See Semtek Int'l Inc., 531 U.S. at 505. It did not change the fact that the dismissal was based, in part, on the failure to allege satisfaction of a precondition to suit.[9]

All that said, we are aware that, in holding that a dismissal based on a failure to satisfy a precondition to suit is in general not claim preclusive under Massachusetts law, we noted

---

[9] This, of course, is not to say that a court is prevented from ordering a dismissal with prejudice as a sanction explicitly based on a plaintiff's repeatedly ignoring court directives requiring amendment or refiling to allege compliance with a precondition to suit. As described in this opinion, however, such a basis was not clearly set out in the district court's order of dismissal with prejudice in Action 3.

that such a failure might be claim preclusive under Massachusetts law if "the plaintiff's failure to satisfy [the] precondition before bringing the first suit prejudices the defendants." In re Sonus Networks, Inc., S'holder Derivative Litig., 499 F.3d at 62 n.8. But, the District Court did not address whether such a prejudice-based ground for deeming the dismissal at issue here claim preclusive was applicable. It instead determined that the dismissal was claim preclusive for reasons unrelated to any showing in that regard, because the dismissal was pursuant to Rule 12(b)(6) and "with prejudice." And, as we have explained, Foss is right that the District Court erred in so ruling.

## III.

As we noted at the outset, the district court's dismissal of Foss's federal copyright infringement claims with prejudice in Action 3 was not based solely on her failure to allege satisfaction of the precondition to suit that § 411(a) sets forth. It was also based on the two other grounds that we described above. And, even Foss agrees that each of those grounds was independently a ground that would have sufficed to render the dismissal preclusive if it had been the sole basis for the dismissal. Thus, for Foss to be right that the dismissal with prejudice of her federal copyright infringement claims in Action 3 is not claim preclusive just because it rested on a ground that on its own would not have rendered that dismissal claim preclusive, we must determine

whether she is right both that federal res judicata law recognizes the alternative-determinations doctrine and that, insofar as it does, that doctrine's scope is such that it applies here.

Accordingly, we now turn to those questions, which are questions of first impression in this Circuit, although we have recognized that the doctrine applies under Massachusetts law, at least under certain circumstances. See In re Baylis, 217 F.3d 66, 71 (1st Cir. 2000). Our review is de novo. See Silva, 660 F.3d at 78.

**A.**

We start with the first of the two questions. Here, Foss asks us to conclude that federal res judicata law recognizes the alternative-determinations doctrine as it is set forth in the Restatement (Second) of Judgments. See Restatement (Second) of Judgments § 20 cmt. e (Am. L. Inst. 1982) [hereinafter "Restatement"]. The Restatement provides in that regard that if an adjudication "rendered by a court of first instance" is "based on two or more determinations, at least one of which, standing alone, would not render the judgment a bar to another action on the same claim," then the judgment "should not operate as a bar" to future litigation. Id.

We have long recognized the Restatement as "[t]he preeminent authority" on issues of claim preclusion. Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 57

(1st Cir. 2008). And, several of our sister circuits have followed the Restatement in concluding that federal res judicata law recognizes the alternative-determinations doctrine. See Pizlo v. Bethlehem Steel Corp., 884 F.2d 116, 119 (4th Cir. 1989); Remus Joint Venture v. McAnally, 116 F.3d 180, 184 n.5 (6th Cir. 1997); see also Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1, 824 F.3d 1161, 1164-65 (9th Cir. 2016) (adopting alternative-determinations doctrine at least where non-merits ground is lack of personal jurisdiction).

We see no reason to disagree with the Restatement or our sister circuits in this regard, at least with respect to the broad outlines of the alternative-determinations doctrine as the Restatement describes it. Indeed, as the Restatement and our sister circuits recognize, there are good reasons for applying the doctrine, at least in some circumstances.

As an initial matter, in the absence of the alternative-determinations doctrine, a litigant whose claim has been dismissed and wants to preserve the ability to bring the claim in a follow-on action would need to appeal the dismissal whenever it rests on at least one ground that would not on its own render the dismissal preclusive. Otherwise, the litigant would not be able to obtain a ruling that affirmed the dismissal solely on that non-preclusive ground. That would be so even if the non-preclusive ground for the dismissal were indisputably sound, such that the appellant

would have no shot in the appeal of that dismissal of reviving the claim in that same action, no matter how successful an appeal of the other grounds would be.

In this respect, the alternative-determinations doctrine usefully protects litigants who have claims that may well be meritorious[10] -- but that were dismissed in part for a reason disconnected from their merits -- from having to engage in what appears to be mere appellate hoop-jumping to keep alive the possibility of bringing the claim.  The doctrine does so by sparing such litigants from having to appeal the dismissals of their claims while knowing that the appeals are sure to result in the claims remaining dismissed just to preserve their opportunity to pursue the claims in future actions in which the non-merits-based defects that caused the claims' earlier dismissals could easily be cured.

---

[10] We note that, based on this reasoning, it might seem that the value of the alternative-determinations doctrine may be diminished in a case in which a claim was previously adjudicated in part based on a merits determination that is indisputably correct.  However, requiring courts to determine whether the merits of a claim are indisputably correct in order to decide whether the alternative-determinations doctrine applies in any given case would effectively require courts to make the kind of merits-based determination that res judicata is meant to protect them from having to make in order to determine whether res judicata applies.  To avoid that situation, we conclude that the alternative-determinations doctrine applies even when a claim has previously been adjudicated based in part on a merits-based ground that is indisputably correct.  But, for the reasons we explain below, we refrain from ruling on whether the alternative-determinations doctrine applies in the separate but related scenario in which a merits-based ground for adjudicating a claim in a prior action was "rigorously considered."

See Restatement § 20 cmt. e; see Ruiz, 824 F.3d at 1164-65 ("It would be an inefficient use of judicial resources to encourage litigants to appeal judgments for the sole purpose of preserving their ability to potentially bring the same claims again, in a hypothetical future action.").

In sparing litigants from having to secure a pyrrhic victory, the alternative-determinations doctrine does something more than saving litigants from having to endure such rigamarole. It spares appellate courts from having to weigh in on cases that, in practical reality, may be of no real consequence to the parties or to the appeal itself beyond making way for a mere contingent future action in which those merits issues could be addressed in a case in which their resolution would matter. See id.

Finally, holders of claims that have been dismissed may often choose to forego the option-preserving appeal. They may do so, moreover, even though they later decide to bring the follow-on action. The alternative-determinations doctrine in this way avoids giving preclusive effect to a merits-based ground for the dismissal in cases in which the decision not to appeal was based on a calculation wholly unrelated to an assessment of the soundness of the ruling as to any merits-based ground. See Costello, 365 U.S. at 285-88; see also Huntley v. United States, 4 Cl. Ct. 65, 69 (Ct. Cl. 1983) (noting that when faced with alternative determinations, losing parties might "be unlikely to seek an appeal

because of the likelihood that the decision would be upheld on at least one of the alternative grounds," and claim preclusion in such a case could result in the "freezing in place [of] potentially bad law").

To be sure, in preserving the resources of appellate courts by disincentivizing wasteful appeals, the alternative-determinations doctrine can lead to inefficiencies of its own. It necessarily will permit, in some cases, the refiling of claims that were already disposed of on strong merits-based grounds in an earlier action. And, depending on the scope of this doctrine, it may also permit -- as this case suggests -- the refiling of claims that were dismissed for then-curable defects.

But, we are not alone in following the Restatement in opting for an approach that requires a litigant to call upon judicial resources to be expended only to ensure that relief can be granted on the claim that is being brought and not solely for the purpose of preserving the option of seeking relief on a claim that may never be brought at all. See Pizlo, 884 F.2d at 119; Remus Joint Venture, 116 F.3d at 184 n.5; see also Ruiz, 824 F.3d at 1164-65 (adopting the alternative-determinations doctrine at least where the non-merits ground is lack of personal jurisdiction); cf. Johnson v. Spencer, 950 F.3d 680, 719 n.16 (10th Cir. 2020) (declining to determine whether to adopt the alternative-determinations doctrine); Dozier v. Ford Motor Co.,

702 F.2d 1189, 1193-94 (D.C. Cir. 1983) (same).[11]  And, for the reasons given above, we see no reason on balance to depart from that approach.

We realize in so concluding that this case is hardly a poster child for the alternative-determinations doctrine.  Foss had numerous chances to cure the defect in the prior action, and it is not evident that the passage of time would have enabled her to cure the defect in a way that she could not have earlier.  Cf. In re Sonus Networks, Inc., S'holder Derivative Litig., 499 F.3d at 61-62.  Adding to the sense that Foss need not be given another bite at the apple is the possibility that her present claims would be barred by collateral estoppel had any defense of issue preclusion been asserted.

But, those quirks of this case aside, without the alternative-determinations doctrine, future Fosses with less capacity to cure the defect in the initial action would be encouraged to appeal dismissals that they could not overturn just to preserve their option of bringing future actions that they might never bring.  We see little sense in creating such an incentive

---

[11] We note that, in Herrera v. Wyoming, Justice Alito, dissenting, rejects the alternative-determinations doctrine as it applies to issue preclusion. See 139 S. Ct. 1686, 1710-12 (2019). However, none of his arguments for doing so provide grounds for rejecting the reasons we give for applying the doctrine to claim preclusion here, insofar as they even apply to claim preclusion at all.

structure by holding that federal res judicata does not recognize the alternative-determinations doctrine.[12]

## B.

There remains the distinct question of what the scope of the alternative-determinations doctrine is and whether that scope encompasses this case. In contending that, even if federal res judicata law recognizes the alternative-determinations doctrine, it should not apply here, Eastern argues that the doctrine has no application in cases -- such as Eastern contends this one is -- in which the court of first instance that adjudicated the allegedly preclusive claims did "rigorously consider" the merits rationales upon which its adjudications were based. Eastern argues in this regard that, "as understood by [Foss]" herself, the Restatement adopts the alternative-determinations doctrine in part out of a "concern that courts may not 'rigorously consider' a merits rationale when there is a threshold non-merits question that efficiently disposes of the case." Eastern thus contends that even if federal res judicata law does recognize the alternative-

---

[12] Eastern contends that Foss had an incentive to appeal the dismissal in Action 3 because, "by her own logic," one ground for that dismissal was "not 'clearly correct.'" That is so, Eastern contends, because Foss claims that she had in fact registered the infringed work prior to filing her amended complaint in Action 3. But, Eastern does not dispute that Foss failed to allege that she had registered the infringed work whether or not she had in fact registered it. Thus, we do not see this as a case in which the non-preclusive ground for the dismissal was less than ironclad.

determinations doctrine in some circumstances, it has no application here.[13]

But, whether or not Eastern is right that such a limitation may apply in some cases -- a contention that we take no position on at present -- Eastern is wrong to conclude that it would apply here. And that is because Eastern provides no support for the contention that the District Court, in dismissing Foss's federal copyright infringement claims in Action 3, "rigorously considered" the merits-based grounds for that dismissal.

In dismissing Action 3, the District Court, via electronic order, gave as its only explanation for the dismissal "the reasons stated in [Eastern's] supporting memorandum." In that order, the District Court provided no indication that it had "rigorously considered" any of the reasons given by Eastern in its memorandum, including the merits-based grounds for dismissal. And, Eastern's contentions that the District Court had "discussed

---

[13] The Second Circuit, for example, has declined to apply the doctrine where a litigant was "prosecuting both [the preclusive and precluded] actions at once," and so any appeal taken on the preclusive action would not have been taken only in the service of preserving the opportunity to file potential but uncertain future litigation. Williams v. Ward, 556 F.2d 1143, 1154 (2d. Cir. 1977); see Winters v. Lavine, 574 F.2d 46, 66-67 (2d Cir. 1978) (relying on Williams in declining to apply the alternative-determinations doctrine when the litigant was pursuing both the preclusive and precluded action at the same time). But cf. Pizlo, 884 F.2d at 119. We are not faced with such a circumstance in the present case, however, and so do not address whether the alternative-determinations doctrine applies to such a circumstance.

[Foss's] copyright infringement claim[s] with [Foss] at a motion hearing" in Action 1; "discussed the registration precondition" with Foss at a status conference in Action 1; issued a written opinion dismissing without prejudice Foss's federal copyright infringement claims as set forth in a complaint filed prior to the amended complaint in Action 3; and ruled on the "res judicata effect" of the dismissal in Action 3 on a separate action, all pertain to the District Court's consideration of claims other than the federal copyright infringement claims set forth by Foss in the amended complaint in Action 3.

Eastern separately contends that the alternative-determinations doctrine has no application here because it does not apply in cases in which a plaintiff's repeated filings constitute an "abuse" of the legal system resulting in "waste[]" for the judiciary and "inequity" for defendants. As support for this contention, Eastern looks to Browning Debenture Holders' Comm. v. DASA Corp. There, the Second Circuit, in finding that res judicata applied to the case before it, noted that the plaintiff-appellant in the case could not "rely upon their own non-compliance with a court order to bootstrap themselves into further harassing of appellees who already have borne a very substantial burden in defending against essentially baseless and frivolous claims." 605 F.2d 35, 39 (2d Cir. 1978).

Eastern ignores, however, an essential feature of Browning Debenture Holders' Comm. that distinguishes it from the one before us. In Browning Debenture Holders' Comm., the Second Circuit found that the preclusive action was preclusive because it was dismissed "for failure to comply with a court order" to "post a bond," and such a failure "constitutes a dismissal on the merits." Id. In the present case, by contrast, the District Court found that the dismissal of Action 3 was based in part on a failure to allege satisfaction of a precondition to suit, and, as we have explained, that is not a merits-based ground.

Moreover, to the extent Eastern means to be arguing, in invoking Browning Debenture Holders' Comm., that the alternative-determinations doctrine should not apply in the event that its application would result in prejudice to the defendant, see In re Sonus Networks, Inc., S'holder Derivative Litig., 499 F.3d at 62 n.8, the District Court did not rely on this ground for dismissing this case. In the absence of the District Court's having made a determination about whether such prejudice exists to bar the present litigation, we decline to rest our ruling on that ground.

In sum, we are not persuaded by either of the grounds that Eastern gives for affirming the ruling below even if federal res judicata law recognizes the alternative-determinations doctrine. Accordingly, the District Court's finding that the

claims at issue on appeal before us are barred on claim preclusion grounds cannot stand.

**IV.**

In clarifying the circumstances in which claim preclusion applies under federal law when a dismissal is based on multiple grounds not all of which would be claim preclusive in their own right, we have kept alive Foss's claims for now. But, we do not foreclose the possibility that there are grounds not relied on by the District Court, or Eastern on appeal to us, that would support the dismissal of Foss's claims independent of the merits-based grounds on which the district court in Action 3 also relied in dismissing the claims in that action.

Indeed, the Restatement itself contemplates that the alternative-determinations doctrine "is not an inflexible" rule, and, "[i]n some instances, the doctrines of estoppel or laches could require the conclusion that it would be plainly unfair to subject the defendant to a second action." Restatement § 20 cmt. n. However, no arguments for declining to apply the alternative-determinations doctrine in the present action on any of these grounds were given by the District Court in dismissing the claims at issue on appeal. Instead, as we have noted, the claims were dismissed solely on the ground that the dismissal in Action 3 was claim preclusive because the dismissal in Action 3 was based on grounds that on their own would have rendered that dismissal claim

preclusive. Moreover, as we have already pointed out, in dismissing those claims for that reason alone, the District Court did not make any assessment of whether, even if the dismissal in Action 3 was not otherwise claim preclusive because it was based partly on a failure to satisfy a precondition to suit, it must be given claim preclusive effect nonetheless due to the prejudice to Eastern caused by Foss's failure to allege satisfaction of the precondition to suit. See In re Sonus Networks, Inc., S'holder Derivative Litig., 499 F.3d at 62 n.8.

We therefore leave it to the parties and the District Court to address whether any of those grounds for barring the claims at issue here are applicable, in light of our holdings that a dismissal for failure to state a claim that is based on a failure to satisfy a precondition to suit is not necessarily claim preclusive and that federal res judicata law recognizes the alternative-determinations doctrine (with the refinements that we have described). Accordingly, we **vacate** and **remand** for further proceedings consistent with this opinion. The parties shall bear their own costs.