# United States Court of Appeals
## For the First Circuit

No. 24-1360

CYNTHIA ALYSON FOSS, d/b/a Hunter Foss Design & Interest,

Plaintiff, Appellant,

v.

EASTERN STATES EXPOSITION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Timothy S. Hillman, U.S. District Judge]

Before

Montecalvo, Kayatta, and Aframe,
Circuit Judges.

Andrew Grimm, with whom Gregory Keenan and Digital Justice Foundation were on brief, for appellant.
Lauren C. Ostberg, with whom James C. Duda and Bulkley, Richardson and Gelinas, LLP were on brief, for appellee.
Paul A. Maddock and Carey, Danis & Lowe were on brief, for Professor Christine Davik, amicus curiae in support of appellant.

August 21, 2025

**MONTECALVO, Circuit Judge.** This case returns to us for the second time on appeal. Appellant Cynthia Foss appeals the dismissal of her federal copyright-infringement suit against appellee Eastern States Exposition ("Eastern") on claim preclusion and statute-of-limitations grounds. For the reasons that follow, we conclude that the district court properly dismissed the suit as untimely and, accordingly, affirm.

## I. Background

We draw the following facts from the operative complaint's allegations, which we take as true and examine in the light most favorable to Foss. See Fantini v. Salem State Coll., 557 F.3d 22, 26 (1st Cir. 2009) (quoting Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006)).

In 2016, Spencer Brewery commissioned Foss, who is a graphic designer, to "produce a room-sized artwork" for the brewery's exhibition space at the 2016 "Big E," an annual fair that Eastern produces and runs. Under that agreement, Foss produced a photorealistic installation resembling the interior of a Trappist monastery for Spencer Brewery. She did so, however, subject to the conditions, as relevant here, that (1) she retain copyright ownership over the installation and (2) the brewery only show the installation in person and only to paying patrons of the 2016 Big E physically present at the installation space.

During the 2016 Big E, "Eastern created marketing videos prominently featuring [Foss's] works and . . . widely disseminated the[] videos online," without crediting Foss. Eastern posted "these numerous videos" on its Facebook page and on YouTube and encouraged viewers to "[s]hare the post!" Foss requested that Eastern include attribution for her work -- specifically "a credit line and/or mention" -- in the videos, but Eastern did not do so.

Later, Foss applied for copyright registration of her work with the U.S. Copyright Office ("Copyright Office"), which received her application on April 19, 2017. The Copyright Office eventually registered the work, but the record does not reveal when the Copyright Office made a decision on Foss's application. A series of lawsuits followed.

## A. Previous Lawsuits

Foss, proceeding pro se,[1] initiated her first suit in Massachusetts Federal District Court in early 2018, alleging that Eastern, along with several other parties, infringed upon her copyright ("First Action"). As we will explain, Foss's first complaint included more details regarding certain aspects of Eastern's alleged infringement than did her complaints in subsequent lawsuits. In response to Foss's First Action complaint, Eastern moved to dismiss, arguing in part that Foss had failed to

---

[1] Following Eastern's dismissal in that case, Foss obtained counsel.

allege that she had satisfied "statutory prerequisites for filing for relief under the Copyright Act," namely the requirement that a plaintiff register their copyright with the Copyright Office prior to bringing suit, 17 U.S.C. § 411(a). In a short text order, on June 27, 2018, the district court granted the motion "for the reasons in [Eastern's] memorandum." That dismissal was without prejudice and "did not prevent Foss from seeking to cure the § 411(a)-related defect in that same action by filing an amended complaint." Foss v. E. States Exposition, 67 F.4th 462, 464 (1st Cir. 2023) (first appeal in this case).

Foss did not attempt to cure that defect and instead initiated a second action, again acting pro se, this time in state court, in July 2018. That case was removed to federal court (for reasons unclear to us the removed case was docketed as two actions, but we will refer to these singularly as the "Second Action"). Eastern again moved to dismiss, and, with respect to Foss's copyright-infringement claim, the district court granted the motion without prejudice, allowing Foss "leave to file an amended complaint . . . stating a plausible claim." Foss v. Spencer Brewery, 365 F. Supp. 3d 168, 172 (D. Mass. 2019).

Foss then filed an amended complaint, and the defendants (including Eastern) yet again moved to dismiss, arguing that Foss had failed to state a plausible copyright-infringement claim, that the amended complaint failed to comply with local rules and was

otherwise infirm, and that Foss again failed to allege that she had fulfilled the copyright-registration precondition to suit. Foss did not respond to the motions to dismiss, and the district court granted the motions and dismissed Foss's federal copyright-infringement claims with prejudice, explaining that the motion was granted "for the reasons stated in [defendants'] supporting memorandum."

## B. Present Action

This time represented by counsel, Foss initiated the present case solely against Eastern on December 4, 2020, alleging claims of copyright infringement in violation of the U.S. Copyright Act, 17 U.S.C. § 106(1)-(3), (5), and the U.S. Visual Artists Rights Act, 17 U.S.C. § 106A(a)(1)(A). In response, Eastern filed a motion to dismiss, arguing in relevant part that the federal claims were subject to claim preclusion because of the outcome in the Second Action and should be dismissed with prejudice. The district court agreed, concluding that the dismissal of the Second Action precluded Foss's copyright-infringement claim, and dismissed the case with prejudice. Foss v. E. States Exposition, 593 F. Supp. 3d 1, 4-5 (D. Mass. 2022). Foss then appealed. Foss, 67 F.4th at 466.

On appeal, this court reversed and remanded, adopting the Restatement (Second) of Judgment's alternative-determinations

doctrine[2] and directing the district court to determine whether, even though the alternative-determinations doctrine provided relief from preclusion, the dismissal of the previous action "must be given claim-preclusive effect nonetheless due to the prejudice to Eastern caused by Foss's failure to allege satisfaction of the precondition to suit."  Id. at 473; see also id. at 473-74 (addressing grounds for declining to apply the alternative-determinations doctrine).

On remand, Eastern again moved to dismiss, this time arguing that (1) allowing Foss to subject Eastern to yet another lawsuit was prejudicial and, therefore, claim preclusion applied and (2) the copyright-infringement statute of limitations barred suit.  The district court agreed on both counts. Foss v. E. States Exposition, No. 4:20-cv-12167, 2024 WL 1178460, at *5 (D. Mass. Mar. 14, 2024).

Regarding prejudice, the district court recounted the facts of the First and Second Actions and determined that "without

---

[2] The court explained that, as set forth in the Restatement, the alternative-determinations doctrine provides that "if an adjudication 'rendered by a court of first instance' is 'based on two or more determinations, at least one of which, standing alone, would not render the judgment a bar to another action on the same claim,' then the judgment 'should not operate as a bar' to future litigation." Foss v. E. States Exposition, 67 F.4th 462, 469 (1st Cir. 2023) (quoting Restatement (Second) of Judgments § 20 cmt. e (Am. L. Inst. 1982)).  And, because the Second Action was dismissed in part on non-merits grounds (namely, § 411(a)'s registration precondition), this court determined that the district court's dismissal "[could not] stand."  Id. at 467-68, 473.

serious question" Foss "ha[d] prejudiced Eastern and that it would be manifestly unfair to force it to again have to defend against Foss's claims." It thus concluded that, despite the alternative-determinations doctrine, the prejudice to Eastern meant that claim preclusion nevertheless applied. With respect to timeliness, the district court (after dismissing Foss's argument that the Federal Rules of Civil Procedure barred Eastern from raising the issue in a Rule 12(b)(6) motion)[3] determined that "[o]n the record before [it], it [was] clear that Foss did not file suit within the requisite three-year period." In so holding, the district court referenced allegations from Foss's earlier suits against Eastern, noting that Foss had specifically referenced those previous lawsuits in her operative complaint and that the allegations in the earlier suits were therefore subject to judicial notice.[4] The district court also considered correspondence between

---

[3] Foss does not now raise any claim of error as to that determination.

[4] In response to Eastern's motion to dismiss, Foss also filed a motion to strike and, in the alternative, a motion for discovery on "prejudice, burden, and limitations." She argued that Eastern relied on "matters outside the complaint" in its motion and that that material should be disregarded. In the alternative, she requested discovery relevant to "prejudice, burden, and limitations," arguing that "essential facts as [would] be disclosed by discoverable information [we]re presently unavailable to her." The district court determined that the majority of the outside materials Eastern cited were susceptible to judicial notice and were permissible but that some other materials, including screenshots of social media posts, were not needed to resolve the dispute and were thus stricken. As to allowing discovery, the district court denied the request without

- 7 -

Foss and Eastern referenced in Foss's original complaint in this action.

As a reminder, the operative complaint in this case merely alleges, without specifying when, that Eastern created marketing videos that included shots of Foss's work and posted those videos on its Facebook and YouTube accounts, encouraging viewers to share the videos (there are no allegations that Facebook or YouTube users ever shared the videos). However, Foss's complaint in the Second Action provided some additional detail: there, she alleged that Eastern posted videos depicting Foss's work online beginning in September 2016 and again in the spring of 2017 to advertise for the 2017 "Big E." The Second Action complaint also alleged that Foss sent a letter to Eastern in early 2017 demanding Eastern remove the videos. The original complaint in this action similarly alleged that Foss notified Eastern that she believed it to be infringing her copyright at around this time.

Accordingly, the district court reasoned that, "given Foss's own allegations and documentation from the various cases she has filed against Eastern, it is clear that she knew or should have known of her cause of action well before December 4, 2017" (the date three years prior to the initiation of this suit).[5] The

_____

explanation. On appeal, Foss only argues that it was error to deny discovery with respect to the claim preclusion issue.

[5] Foss has not clearly raised any claim of error with respect to the district court's consideration of the facts alleged in

- 8 -

district court then concluded that Foss's "claims [we]re barred by the statute of limitations."  Foss timely appealed.

## II. Standard of Review

"We review the district court's grant of [the] motion to dismiss de novo," Wadsworth v. Nguyen, 129 F.4th 38, 61 (1st Cir. 2025) (cleaned up) (quoting Torres-Estrada v. Cases, 88 F.4th 14, 23 (1st Cir. 2023)), "accept[ing] as true all well-pleaded facts [and] 'indulging all reasonable inferences in [appellant's] favor,'" Fantini, 557 F.3d at 26 (quoting Nisselson, 469 F.3d at 150).  And it is "well settled in this circuit that a motion to dismiss may be granted on the basis of an affirmative defense, such as the statute of limitations, as long as 'the facts establishing the defense [are] clear "on the face of the plaintiff's pleadings."'"  Álvarez-Maurás v. Banco Popular of P.R., 919 F.3d 617, 628 (1st Cir. 2019) (second alteration in original) (quoting Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001)).

## III. Discussion

Foss now argues that the district court erred in determining that the Second Action precluded this case and

_____

Foss's earlier lawsuits.  To the extent she seeks to so argue, any such argument is deemed waived.  United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

separately erred in concluding that the statute of limitations barred the suit.  We find that Foss has failed to establish, at least, that the district court erred in dismissing her case as untimely.  And because untimeliness alone is a sufficient basis for dismissal, we need not consider the claim preclusion issue. We turn now to the specifics of Foss's statute of limitations arguments, first setting forth some basic guiding principles.

Copyright-infringement claims must be "commenced within three years after the claim [has] accrued."  17 U.S.C. § 507(b). "[T]he limitations period generally begins to run at the point when 'the plaintiff can file suit and obtain relief.'  A copyright claim thus arises or 'accrues' when an infringing act occurs." Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 670 (2014) (cleaned up) (quoting Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997)). "Under [§ 507(b)]'s three-year provision, an infringement is actionable within three years, and only three years, of its occurrence."  Id. at 671.  Importantly, copyright-infringement claims are subject to the separate-accrual rule, which provides that a new statute of limitations begins to run with every separate instance of infringement.  Id.  This means that "[i]f a defendant reproduces or sells an infringing work on a continuing basis, a plaintiff can sue every [three] years until the copyright term expires."  Id. at 689 (Breyer, J., dissenting).  And the Court

- 10 -

emphasized that the separate-accrual rule applied to "discrete infringing acts." Id. at 672 & n.7.

Foss makes three specific arguments on appeal: first, that the district court misunderstood the importance of when Eastern's violations ceased for the purposes of the statute of limitations; second, that it misunderstood the moment that she was able to "come to court to seek relief"; and, third, even if her suit was untimely, that the district court erred in not equitably tolling the statute of limitations. Before we address -- and reject -- each of these contentions, we note that Foss, both in the operative complaint in this case and the complaints in her previous suits, alleges that Eastern posted infringing videos online in 2016 and in 2017 during the lead-up to each respective year's Big E. And Foss does not contest on appeal the district court's consideration of prior litigation documents showing that she was aware of these videos by early 2017 at the latest. In other words, unless Foss prevails on her arguments, our understanding, like that of the district court, is that the statute of limitations began to run in or around spring 2017, making her December 4, 2020 complaint untimely.

## A. Separate-Accrual Rule

Foss first argues that the district court erred in not applying the separate-accrual rule, under which "[e]ach time an infringing work is reproduced or distributed, the infringer

- 11 -

commits a new wrong" and a new limitations period begins. See Petrella, 572 U.S. at 670-71. Below and in her opening brief, she claimed that the allegedly infringing posts "constitute[d] infringing displays unless and until they were taken down," and that because Eastern did not establish that end-date, it failed to show that the statute of limitations had even begun to run for all Foss's claims. But in Petrella, the Supreme Court made clear that "[s]eparately accruing harm should not be confused with harm from past violations that are continuing." Id. at 671 n.6. And Foss's argument that Eastern's posts "constitute[d] infringing displays . . . until they were taken down" would seem to identify a continuing harm from Eastern's original decision to post the videos -- not a string of new violations that might implicate the separate-accrual rule. See id.

In her reply brief and then at oral argument, Foss introduced a new argument to fill this gap. Her new position is that a video posted on the internet results in a string of successive violations, as opposed to one single, continuing violation. See Bell v. Wilmott Storage Servs., LLC, 12 F.4th 1065, 1072 (9th Cir. 2021) (discussing display element of copyright-infringement claim for online content and explaining that "a person displays a photographic image by using a computer to fill a computer screen with a copy of the photographic image fixed in the computer's memory" (quoting Perfect 10, Inc. v.

Amazon.com, Inc., 508 F.3d 1146, 1160 (9th Cir. 2007))). So, says Foss, every day the videos remained online, a new statute of limitations period began to run. In her view, that means that if the videos remained up until at least December 5, 2017, there was at least one timely infringement claim when she filed suit on December 4, 2020.

But before the district court, Foss never argued that a video posted online created multiple infringements, as opposed to a single infringement with continuing harms. Nor did she make this argument in her principal brief before us. Her principal brief cited to Petrella (which did not address the dissemination of copyrighted material over the internet), without providing any analysis or citation to explain why the separate-accrual rule meant her claim was timely. Because Foss's argument -- that a single online post creates multiple "display[s] and new distributions of infringing materials" -- could not be gleaned from Foss's earlier filings, Eastern did not have an opportunity to respond to this contention until oral argument before us.

Thus, because Foss did not provide this argument in her opposition to Eastern's motion to dismiss below and did not raise it before us until her reply brief, her argument that an allegedly infringing video posted online begins a new limitations period every day it remains online is waived. See United States v. Trahan, 111 F.4th 185, 193 & n.6 (1st Cir. 2024) (explaining that

an argument, which "was [not] self-evident from the beginning and [wa]s not a natural counter to [opponent]'s position," raised for the first time in the appellant's reply brief was both forfeited and waived) (first citing In re Redondo Constr. Corp., 678 F.3d 115, 121 (1st Cir. 2012) ("It is black-letter law that arguments not presented to the trial court are, with rare exceptions, forfeit on appeal."); and then citing United States v. Casey, 825 F.3d 1, 12 (1st Cir. 2016) ("[A]rguments raised for the first time in an appellate reply brief [are] ordinarily deemed waived.")).

Without this necessary premise, Foss cannot establish her contention that the district court's analysis had an "end date problem."  So, because the separate-accrual rule does not detain us, we turn to Foss's argument on when she "was able to come to court to seek relief."

**B. Ability to Seek Relief**

While Foss's first argument focuses on whether the alleged infringement here amounts to multiple violations, her second argument centers on when a particular infringement begins the running of the three-year statute of limitations, focusing on what it means to be able to seek relief.  Foss contends that the district court erred in concluding that her claims accrued at the time of the alleged infringement (or her knowledge of the same)[6]

---

[6]  We note that the discovery rule applies to copyright-infringement claims in the First Circuit, meaning that

rather than at the moment she was "able to come to court to seek relief." To make this argument, Foss relies on language from Green v. Brennan, where the Supreme Court explained that the "standard" limitations rule is that a limitations period begins to run when "the plaintiff can file suit." 578 U.S. 547, 554 (2016) (quoting Bay Area Laundry, 522 U.S. at 201). She also cites to Corner Post, Inc. v. Board of Governors of Federal Reserve System, where the Supreme Court explained that a right does not accrue "until the plaintiff can file suit and obtain relief." 603 U.S. 799, 810 (2024) (quoting Bay Area Laundry, 522 U.S. at 201).

Foss then points us to § 411(a)'s registration precondition. As we have explained, § 411(a)'s non-jurisdictional precondition to filing a claim, Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 166 (2010), requires a party to plead that they have registered their copyright or that the Copyright Office refused to register the copyright in order to initiate a copyright-infringement suit, Foss, 67 F.4th at 464. "[R]egistration occurs, and a copyright claimant may commence an infringement suit, when the Copyright Office registers a copyright" -- notably, "[u]pon registration of the copyright, however, a copyright owner can recover for infringement that

_____

"a claim accrues only when a plaintiff knows or has sufficient reason to know of the conduct upon which the claim is grounded." Warren Freedenfeld Assocs., Inc. v. McTigue, 531 F.3d 38, 44 (1st Cir. 2008).

occurred both before and after registration."  Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC ("Fourth Estate"), 586 U.S. 296, 299 (2019).

Foss contends that, because § 411(a) prevents a copyright-infringement suit before a plaintiff has registered a copyright, she could not seek relief in court until the moment of registration.  Thus, she argues that her copyright-infringement claim did not accrue until she had obtained the registration decision from the Copyright Office under § 411(a).[7]  She relies in part on Fourth Estate because the Supreme Court explained there that "registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights."  586 U.S. at 301.  In Foss's estimation, this means that § 411(a) impacts copyright-infringement claim accrual. Foss does not cite any case to support this position, and, furthermore, her position allows for a scenario where a would-be plaintiff delays filing for registration in order to increase their time to bring suit, a scenario that runs against the fundamental

---

[7] Importantly, the record does not include the date the Copyright Office registered Foss's copyright -- the registration itself reflects only the date of application.  Foss argues that she could not have sued on July 11, 2018, as demonstrated by Eastern having successfully obtained dismissal of the complaint in her second action filed on that date.  In turn, Foss argues that because July 11, 2018 is less than three years before she commenced this action, this action is timely.  This argument is meritless, for the reasons we will explain.

- 16 -

principles of statutes of limitation. See, e.g., Ord. of R.R. Telegraphers v. Ry. Express Agency, 321 U.S. 342, 348–49 (1944) ("Statutes of limitation, like the equitable doctrine of laches, in their conclusive effects are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.").

And, as Eastern points out, the Fourth Estate Court considered this very scenario. There, the plaintiff argued that "a copyright owner may lose the ability to enforce her rights if the Copyright Act's three-year statute of limitations runs out before the Copyright Office acts on her application for registration." Fourth Estate, 586 U.S. at 309. The Court rejected that argument, explaining that the "fear [wa]s overstated, as the average processing time for registration applications [was then] currently seven months, leaving ample time to sue after the [Copyright Office's] decision, even for infringement that began before submission of an application." Id. After the publication of Fourth Estate, the Court resolved a circuit split on the proper assessment of copyright damages in circuits applying the discovery rule (that is, holding that the statute of limitations begins to run when the copyright holder discovers the infringement, not when the infringement occurs). Warner Chappell Music, Inc. v. Nealy, 601 U.S. 366, 371-74 (2024). The Court assumed, without deciding,

that the discovery rule could apply to copyright-infringement claims. Id. at 371. And in so doing, the Court repeatedly cited Petrella's holding that a "copyright claim 'accrue[s]' when 'an infringing act occurs.'" Id. at 369, 371 (alteration in original) (emphasis added) (quoting Petrella, 572 U.S. at 670). At no point did the Court reference the moment of registration or suggest that anything other than infringing conduct itself, or the plaintiff's discovery of that conduct, could cause the three-year statute of limitations to begin to run. See id. at 369-70. Thus, Foss has not convinced us that the date the Copyright Office registers a copyright is what initiates the limitations period.

Accordingly, Foss has failed to establish that the district court erred in determining that by the time she filed this suit in December 2020 her claims were untimely.

## C. Equitable Tolling

We turn then to Foss's final argument: that the district court erred in declining to equitably toll the running of the limitations period.[8]

---

[8] Although Foss raised equitable tolling below, the district court's decision on the statute-of-limitations issue did not directly address that argument. Foss does not now advance any claim that the court erred in not squarely addressing equitable tolling, and we infer from the district court's silence that it considered and rejected Foss's position. See Denson v. Marshall, 230 F.3d 1347 (1st Cir. 2000) (unpublished table decision) (concluding that where district court "did not explicitly mention" an argument it "implicitly [rejected] appellant's contention").

"We review [the] district court's ruling rejecting the application of the doctrine of equitable tolling for abuse of discretion . . . ." Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 119 (1st Cir. 2009). "Equitable tolling is available 'in exceptional circumstances' to extend the statute of limitations." Vistamar, Inc. v. Fagundo-Fagundo, 430 F.3d 66, 71 (1st Cir. 2005) (quoting Neverson v. Farquharson, 366 F.3d 32, 40 (1st Cir. 2004)).

"In order for equitable tolling to apply, the plaintiff must show that circumstances beyond [their] control precluded a timely filing. However, equitable tolling is sparsely applied and cannot be used to rescue a plaintiff from [their] lack of diligence." Abraham, 553 F.3d at 119 (internal citations omitted) (first citing Monrouzeau v. Asociación del Hosp. del Maestro, Inc., 153 F. App'x 7, 9 (1st Cir. 2005); and then citing Cao v. Puerto Rico, 525 F.3d 112, 115 (1st Cir. 2008)).

Foss specifically references the time during which her application was pending with the Copyright Office, contending that equitable tolling would be appropriate for that period. But the record does not reveal when the Copyright Office registered Foss's copyright, and Foss has not told us. Without any information about

---

In addition, Foss lists, without further explanation or legal support, equitable estoppel as an additional equitable basis for reversal. Because Foss has inadequately briefed the issue, we deem it waived. See Zannino, 895 F.2d at 17.

the length of the Copyright Office's delay and its effects on her ability to timely assert her claims, Foss cannot show that the district court erred in declining to equitably toll the statute of limitations on her copyright-infringement claim due to a delay potentially attributable to the Copyright Office. See supra note 7.

Foss alludes to her previous suits, contending that she had applied for registration but was awaiting a decision such that her lateness should not be faulted given her diligence. Again, Foss has not provided legal support for this position, and we are not convinced that these circumstances were beyond her control. She notes that, prior to Fourth Estate, the federal courts of appeals were split as to whether a copyright plaintiff could file suit upon submission of a registration application or instead had to wait until the Copyright Office reviewed and registered the copyright. See Alicea v. Machete Music, 744 F.3d 773, 779 (1st Cir. 2014) (noting circuit split and declining to take a position). And she states that, as a result of this circuit split, "it was unclear when she could even come to court." Foss's problem, however, is not that she held off on suing Eastern until the Copyright Office registered her copyright -- which, in any event, would have been exactly what Fourth Estate later required, see 586 U.S. at 299 -- but that she repeatedly filed complaints against Eastern that failed to allege that her copyright for the supposedly

- 20 -

infringed work had been registered, never correcting this deficiency despite the district court's admonitions. See Foss, 365 F. Supp. 3d at 172 (citing Fourth Estate and permitting Foss leave to amend to comply with its requirements); Foss, 67 F.4th at 464 (noting that "Foss did not avail herself of [the] option" to cure the § 411(a)-related defect in her first suit). Foss could have sued well within the limitations period had she simply taken the first step to bringing a claim -- registering her copyright (which need not await infringement) -- and then informed the court that she had done so. Equitable tolling cannot rescue Foss from this lack of diligence in the face of clear instructions.

Foss also argues that it would be unfair to bar her suit as untimely when her previous cases were dismissed as "being premature" and "coming too soon." This argument misunderstands § 411(a)'s precondition-to-suit requirement and the reasons her earlier complaints were dismissed. The earlier suits were not dismissed for "coming too soon" but for failing to allege facts related to § 411(a)'s requirement that a copyright be registered before an infringement suit can proceed. Again, Foss has not established that the court abused its discretion in rejecting this basis for tolling.

## IV. Conclusion

For these reasons, we **affirm** the district court's order dismissing Foss's case.

- 21 -